## Tracey J. MacLean *vs.* Hingham Mutual Fire Insurance Company.

No. 99-P-1013.

Plymouth. April 2, 2001. - June 14, 2001.

Present: Brown, Cypher, & Grasso, JJ.

*Insurance,* Homeowner's insurance, Motor vehicle exclusion. *Indemnity. Words,* "All-terrain vehicle."

A homeowners' insurance policy provided indemnity coverage for injuries sustained by the passenger on an all-terrain vehicle (ATV) that struck a swing set on the lawn of a school yard where, since the ATV in question was not subject to motor vehicle registration under G. L. c. 90, but instead was subject only to environmental registration under G. L. c. 90B, the exception to the motor vehicle exclusion in the policy for accidents involving vehicles subject to motor vehicle registration applied. [872-875]

Civil action commenced in the Superior Court Department on May 4, 1994.

A motion for summary judgment was heard by *Suzanne V. DelVecchio,* J., and the case was heard by *Patrick F. Brady,* J.

*Robert A. Curley, Jr.,* for the defendant.

*J. Michael Conley* for the plaintiff.

Grasso, J. Hingham Mutual Fire Insurance Company (Hingham Mutual) appeals from a judgment of the Superior Court concluding that a homeowners' insurance policy provided indemnity coverage for injuries sustained by Tracey J. MacLean (plaintiff) in an all-terrain vehicle (ATV) accident. We affirm.

The material facts are not in dispute. During the early evening of April 11, 1993, the plaintiff was injured when the three-wheeled ATV on which she was a passenger hit a swing set. The ATV was owned by Edward Burrill and was being operated by his friend, Jeffrey MacLean, at the time of the accident. The accident occurred on the lawn of a school yard that was adjacent

to the property owned by John and Janice MacLean, Jeffrey's parents. Jeffrey lived with his parents and was covered as an unnamed insured under a homeowners' insurance policy (policy) issued by Hingham Mutual. When the plaintiff presented a claim for her injuries, Hingham Mutual denied coverage based upon its interpretation that the policy excluded coverage for accidents involving vehicles subject to motor vehicle registration, which would include ATVs.

The plaintiff filed a complaint for declaratory judgment in which she sought, inter alia, a determination that the policy provided coverage for the injuries she sustained in the accident. Subsequently, a judge of the Superior Court granted partial summary judgment declaring Hingham Mutual liable under the policy. She concluded that because the ATV was not required to be registered with the Registry of Motor Vehicles under G. L. c. 90, it fell within a policy exception to the motor vehicle exclusion. Final judgment entered in favor of the plaintiff, and Hingham Mutual now appeals.

The sole issue on appeal is the applicability of the exception to the motor vehicle exclusion set forth in the policy. We hold that, upon a proper interpretation, the exception to the motor vehicle exclusion applies and the policy provides coverage for the plaintiff's injuries.

Pursuant to section 1.e.(1) of the "Exclusions" portion of the policy, coverage for personal liability and medical payments to others does *not* apply to bodily injury arising out of "the ownership, maintenance, use, loading or unloading of *motor vehicles or all other motorized land conveyances*, including trailers, owned or operated by or rented or loaned to an insured" (emphasis added). The plaintiff's injuries arose from the use of an ATV, a motorized land conveyance, that was both loaned to and operated by an insured, namely Jeffrey MacLean. Were the *exclusion* the only policy provision speaking to the issue, the plaintiff's injuries would not be covered. However, the policy also contains an *exception* to the exclusion, which states: "This exclusion does not apply to: . . . (2) a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and: (a) not owned by an insured."

Neither the plaintiff nor Hingham Mutual takes issue with the

fact that the ATV was a "motorized land conveyance designed for recreational use off public roads" for purposes of the exception. Nor do they dispute that the ATV was not owned by the insured. Their disagreement is over whether an ATV is "subject to motor vehicle registration" within the meaning of the policy exception. Hingham Mutual's position is that an ATV is a "motor vehicle" for purposes of the language of the exception relating to "motor vehicle registration" and that such language covers *all* registrations of motor vehicles, both those under G. L. c. 90 and those under G. L. c. 90B, a separate statutory provision dealing with motor boats and recreational vehicles. The plaintiff's position is that the exclusion was intended to apply only to those motor vehicles subject to registration under c. 90, and that the exception carves out from the exclusion those off-road vehicles, such as ATVs, that are not registered under c. 90, but that are governed instead by c. 90B. Resolution of the dispute thus boils down to the interpretation and applicability of the policy term "not subject to motor vehicle registration."

We determine that the Superior Court judge was correct in concluding, on the facts of this case, that because the ATV in question is not subject to motor vehicle registration under G. L. c. 90, but instead is subject only to environmental registration under G. L. c. 90B, the exception to the exclusion applies. We find support for this conclusion in the language of the exclusion and the exception, considered in the context of the respective statutes, common understanding and usage, and the risks contemplated by homeowners' policies.

We begin by considering whether an ATV is a "motor vehicle" that is subject to motor vehicle registration under G. L. c. 90. General Laws c. 90, § 1, defines "[m]otor vehicles," with certain specified exceptions,[1] as "all vehicles constructed and designed for propulsion by power other than muscular power."

---

[1]The exceptions are "railroad and railway cars, vehicles operated by the system known as trolley motor or trackless trolley under chapter one hundred and sixty-three or section ten of chapter five hundred and forty-four of the acts of nineteen hundred and forty-seven, vehicles running only upon rails or tracks, vehicles used for other purposes than the transportation of property and *incapable of being driven at a speed exceeding twelve miles per hour* and which are used exclusively for the building, repair and maintenance of

While we recognize that an ATV does not appear to fall within any of the recognized exceptions,[2] nevertheless, we conclude that an ATV is not a "motor vehicle" subject to motor vehicle registration under c. 90. In *Hein-Werner Corp.* v. *Jackson Indus., Inc.*, 364 Mass. 523, 529 (1974), the court, although in a different context, stated that "beyond doubt," the definition of "motor vehicles" used in G. L. c. 90, § 1, "includes only the vehicles which are designed for regular use in the transportation of persons and property on the traveled part of public highways. Just as clearly, many kinds of special vehicles . . . are excluded." Compare *Arbella Mut. Ins. Co.* v. *Vynorious*, 34 Mass. App. Ct. 121, 124-125 (1993). Recently, in *Deere & Co.* v. *Ford*, 434 Mass. 223 (2001), the court reiterated that "[n]o motor vehicles are required by the terms of c. 90 to be registered simply by virtue of their status as such. Instead, c. 90 prohibits certain uses unless the motor vehicle is registered." *Id.* at 228, quoting from *Hein-Werner Corp.* v. *Jackson Indus., Inc., supra* at 526-527. Accordingly, an ATV, not being a vehicle designed for regular use on public highways, would not be subject to motor vehicle registration under G. L. c. 90 simply by virtue of its status as such.

An ATV, as an off-road recreational vehicle, is subject only to environmental registration under a separate statutory provision, G. L. c. 90B, dealing with motor boats and recreational vehicles.[3] ATVs are required to be registered, see G. L. c. 90B, § 21, but with the director of the division of law enforcement of the

highways or designed especially for use elsewhere than on the travelled part of ways, wheelchairs owned and operated by invalids and vehicles which are operated or guided by a person on foot; provided, however, that the exception for trackless trolleys provided herein shall not apply to sections seventeen, twenty-one, twenty-four, twenty-four I, twenty-five and twenty-six. The definition of 'Motor vehicles' shall not include motorized bicycles." (Emphasis added.)

[2] From this record we are unable to determine whether an ATV falls within the ambit of the statutory exception to the definition of a "motor vehicle" as being incapable of being driven at a speed greater than twelve miles per hour. We assume for purposes of this opinion that it does not.

[3] A "[r]ecreational vehicle" is defined as "any motor vehicle designed or modified for use over unimproved terrain if used for recreation or pleasure off a public way as defined in chapter ninety, and all legally registered motor vehicles when used off a way, as defined under chapter ninety." G. L. c. 90B, § 20.

Department of Fisheries, Wildlife and Environmental Law Enforcement, see G. L. c. 90B, §§ 22 & 1, not with the Registrar of Motor Vehicles. A motor vehicle operator's license and insurance are not required. See G. L. c. 90B, § 26. Moreover, G. L. c. 90B, § 25, prohibits the use of a recreational vehicle on any public way in Massachusetts, except in limited emergency circumstances.

We recognize that the definition of "recreational vehicle" in G. L. c. 90B states that it is a "motor vehicle." However, we do not believe that the use of the term "motor vehicle" in the definition of a "recreational vehicle" brings ATVs within the category of vehicles that are subject to "motor vehicle" registration within the meaning of the policy.

We find further support for our conclusion that an ATV is "not subject to motor vehicle registration" within the meaning of the policy by considering how motor vehicles are commonly understood and used and what risks are typically excluded from coverage under a homeowners' policy. In common understanding and usage, certain motorized products, even those capable of speeds exceeding twelve miles per hour, such as tractors or riding lawnmowers, are not motor vehicles because they are not designed for regular use in the transportation of persons and property on the traveled part of public highways. See *Deere & Co.* v. *Ford*, 434 Mass. at 229. ATVs are like tractors and riding lawnmowers in this respect.

Moreover, motor vehicles, being designed for use on the traveled part of ways, are more commonplace, and typically involve more catastrophic losses, than ATVs. Therefore, speaking broadly, risks associated with the operation of a "motor vehicle," as defined in G. L. c. 90, are specifically covered by a motor vehicle liability policy. In contrast, ATVs and other specialized recreational "vehicles" that are used off-road and pose correspondingly lower risks, are not subject to motor vehicle insurance requirements, compare *Arbella Mut. Ins. Co.* v. *Vynorious*, 34 Mass. App. Ct. at 124-125, and would fall within the purview of a homeowners' policy.[4] Such is the fair

---

[4]"It is also appropriate to consider 'what an objectively reasonable insured, reading the relevant policy language, would expect to be covered.' " *Hingham*

interpretation of the exception to the policy exclusion at issue here.[5]

Accordingly, we conclude that the exception to the policy exclusion is applicable in the present case, and that the plaintiff's injuries are covered under the homeowners' insurance policy.

*Judgment affirmed.*

*Mut. Fire Ins. Co.* v. *Niagara Fire Ins. Co.*, 46 Mass. App. Ct. 500, 504 (1999), quoting from *Hakim* v. *Massachusetts Insurers' Insolvency Fund*, 424 Mass. 275, 282 (1997). Cf. *Merrimack Mut. Fire Ins. Co.* v. *Sampson*, 28 Mass. App. Ct. 353, 358 (1990), which observes that the automobile exclusion in a homeowners' policy is obviously intended to omit coverage that is obtainable under an automobile insurance policy; a homeowner who owns and operates a vehicle will procure automobile insurance coverage and determine the amount of such coverage, in at least an amount required by statute.

[5]We note that exclusionary policy terms and doubts created by any potentially ambiguous words in a policy are to be strictly construed against the insurer. See *Shamban* v. *Worcester Ins. Co.*, 47 Mass. App. Ct. 10, 16 (1999).