Houston, J.
The plaintiff, Frederick Carnes (“plaintiff’), brought this action against the defendant, Anne Lumnah (“defendant”), pursuant to Massachusetts General Laws. c. 231, §85A, a statute governing motor vehicle owner liability. In support of her motion for summary judgment, the defendant argues that her trailer is not a “motor vehicle” as defined by G.L.c. 90, §1, and, therefore, she cannot be held liable pursuant to G.L.c. 231, §85A. For the reasons set forth below, the defendant’s motion for summary judgment is DENIED.
BACKGROUND
On May 2, 2000, the plaintiff was allegedly injured when he was struck by a trailer being pulled by a pick-up buck owned and operated by the co-defendant, John Lumnah (“Lumnah”).[1] At all material times, the defendant was the registered owner of the trailer.
The trailer was being used to transport equipment and other property from the plaintiffs home, in Holliston, Massachusetts, to Lumnah’s place of business in Kingston, New Hampshire. As Lumnah was pulling away from the plaintiffs residence, the trailer allegedly struck the plaintiffs foot causing injury. Thereafter, the plaintiffs filed this action for negligence. The defendant now moves for summary judgment arguing a trailer is not a motor vehicle pursuant to G.L.c. 231, §85A and therefore, she cannot be subject to liability.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of triable issues, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing parly’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
G.L.c. 90, §1 defines Motor Vehicles as:
[a]ll vehicles constructed and designed for propulsion by power other than muscular power including such vehicles when pulled or towed by another motor vehicle, except . . . vehicles used for other purposes than the transportation of property and incapable of being driven at a speed exceeding twelve miles per hour and which are used exclusively for the building, repair and maintenance of highways or designed especially for use elsewhere than on the traveled part of ways.
(Emphasis added.)
In support of her motion, the defendant argues that the legislature did not intend the term “motor vehicle” in §1 to apply to trailers. The defendant relies on MacLean v. Hingham Mutual Fire Insurance Co., 51 Mass.App.Ct. 870 (2001), in which the Massachusetts Appeals Court held that an all-terrain vehicle (“ATV”) was not a motor vehicle pursuant to G.L.c. 90 because it was not designed for regular use on public highways or required to be registered with the Registrar of Motor Vehicles.[2] Id. at 873. Here, the defendant’s trailer was specifically and primarily designed for use on public highways and was registered with the State of New Hampshire Division of Motor Vehicles.
The defendant also argues that had it been the legislature’s intent to include them, the term “trailer” would have specifically been included within the definition of “motor vehicle.” Statutory words are to be given their usual and ordinary meaning considered in light of the purpose the Legislature seeks to accomplish with the statute. Surrey v. Lumbermens Mutual Casualty Company, 384 Mass. 171, 177 (1981). “It is fair to infer that the legislature intended to be definite and precise rather than to follow the indefiniteness and difficulty of administration inherent in any suggested alternative meanings.” Hein-Werner Corporation v. Jackson Industries, Inc., 364 Mass. 523, 528 (1974). Given the broad language used in the statute, it is apparent in §1 that the legislature did not intend to restrict the inclusion of a trailer within the meaning of “motor vehicle.” Had the Legislature intended to exclude trailers from its definition of motor vehicle, it would not have added the language “including such vehicles when pulled or towed by another motor vehicle” to G.L.c. 90, §1. Rather, the Legislature would *276 have limited the defining language to all vehicles constructed and designed for “self-propulsion,” or a similar phrase, as it has in many other statutes.[3]
It is also useful to look to case law in defining the term “motorvehicle.” “Motor Vehicle” includes vehicles that are designed for regular use in the transportation of persons and property on the traveled part of public highways. Hein-Werner Corp., supra, at 529. In Arbella Mutual Insurance Company v. Vynorious, 34 Mass.App.Ct. 121, 124 (1993), the Massachusetts Appeals Court similarly held that the legislature intended to include in the term “motor vehicles” those vehicles ordinarily used on highways. It is uncontested that the trailer Lumnah was pulling was specifically designed for public way use.
Furthermore, the term “motor vehicle” has also been held to include “any motor driven vehicle required to be registered under chapter ninety.” Hein-Werner Corp., supra, at 526. Trailers, similar to and including the one pulled by Lumnah, are subject to motorvehicle registration according to G.L.c. 90, §9.[4]
Additional guidance is provided by Massachusetts regulations which include trailers within the definition of the term “motor vehicle,”[5] and numerous federal regulations which also include trailers within the definition of “motor vehicle.”[6] Given these examples and the guidance provided by previous case law, this Court concludes that a trailer, such as the one in this case, is a motor vehicle pursuant to G.L.c. 90, §1 and for purposes of G.L.c. 231, §85A.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion for summary judgment is DENIED.

The Court has considered the facts in the light most favorable to the non-moving party, as presented by the pleadings, affidavits, stipulated facts and as revealed by the summary judgment record.

Other cases have reached similar conclusions. A snowmobile is not a motor vehicle because it is not designed for regular use on the highway. Arbella Mut. Ins. Co. v. Vynorious, 34 Mass.App.Ct. 121, 124 (1993) (except possibly when it is being used on a public way). More recently, in Deere & Co. v. Ford, 434 Mass. 223, 229 (2001), the court held that tractors or riding lawnmowers are not motor vehicles because they are not designed for regular use in the transportation of persons and property on the traveled part of highways.

G.L.c. 90, §7; G.L.c. 90D, §2; G.L.c. 21, §50B; G.L.c. 64E, §2; G.L.c. 64H, §§3, 26; G.L.c. 641, §§4, 27; G.L.c. 146, §§53, 62; and G.L.c. 255B, §1.

Section nine of chapter ninety requires, among other things, the registration and regulation of the use of motor vehicles on the highways in Massachusetts.

Commercial vehicle refers to an apportioned vehicle; or to a trailer attached to a commercial vehicle. Apportioned vehicle refers to a motor vehicle bearing a valid number plate . . . 730 Code Mass. Regs. §7.02 (2000) (emphasis added); mobile property means all motor vehicles, including trailers, engaged directly in the movement of property or passengers. 830 Code Mass. Regs. §63.38.3(2)(2)(e) (2001) (emphasis added); nonilight mobile property means all motor vehicles. including trailers, engaged directly in the movement of property. 830 Code Mass. Regs. §63.38.4(2)(4)(i) (2001) (emphasis added).

The term motor vehicle shall mean any automobile, . . . trailer. . . 29 C.F.R. §570.52 (2002) (emphasis added); Standard establishes performance and making requirements for tires for use on . . . trailers . . . The purpose of this standard is to provide safe operational performance levels for tires on motor vehicles other than passenger cars. 49 C.F.R. §571.119(S1)(S2) (2002) (emphasis added); Standard specifies labeling and performance requirements for motor vehicle brake hose . . . This standard applies to . . . trailers ... 49 C.F.R. §571.106(S1)(S3) (2002) (emphasisadded); Motorvehicle means any vehicle . . . trailer, or semitrailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, and any combination thereof ... 49 C.F.R. §390.5(3) (2002) (emphasis added); Motor vehicle means any vehicle . . . trailer, ... 49 C.F.R. §387.401(3)(c) (2002) (emphasis added); Motor vehicle means any vehicle . . . trailer, ... 49 C.F.R. §383.5 (2002) (emphasis added).