Locke, Jeffrey A., J.
This matter comes before the Court on a motion by the plaintiffs, Robert and Janet Hammond (collectively, “Hammonds”), requesting that the Court interpret the terms of a Settlement Agreement (“Agreement”) and enforce the Agreement as against defendant Guardian Insurance & Annuity Company, Inc. (“Guardian”). Other named parties to the underlying litigation are not before the Court and therefore the instant memorandum of decision is not intended to be binding as against them.[1]
FACTS
In May 2001, the plaintiffs filed a complaint (later amended) against defendant Guardian and others alleging, in 45 counts, that they were fraudulently induced into purchasing three annuities issued by Guardian. The case was litigated into the winter and spring of 2003 at which time the plaintiffs, Guardian, and Sky Investments, Inc. entered into a seven-page Settlement Agreement. Entitled, “Confidential Settlement Agreement and Release,” the Agreement contained a seven-paragraph preamble, followed by 25 numbered provisions.
In the preamble, the parties acknowledge that, “ (D)efendants deny all allegations the Hammonds made in or in connection with the Litigation, . . .”[2] Further, it references that the parties, in an effort to resolve all existing claims and intending to resolve all disputes without further costs of litigation, entered into the Agreement without any admission of liability.[3] Following the preamble, the parties enumerated the terms of their agreement in numbered paragraphs. First, they agreed (in numbered Paragraph One) that by entering into the Agreement no party was admitting liability or acknowledging any wrongdoing, but were settling the case solely to terminate the litigation. Next, the parties agreed to keep the terms of their settlement confidential. Numbered Paragraph Two reads as follows:
2. As a material inducement to the Parties to enter into this Agreement and as an indivisible part of the consideration to be received by the Parties for entering into this Agreement and the performance of their respective obligations hereunder, the Parties shall comply with the following:
(a) Except as otherwise provided by law, the Parties . . . shall keep completely confidential and shall not disclose any documents or infor *90 mation contained in or derived from documents produced by any other party in the Litigation . . .
(b) Except as otherwise provided by law, the Parties ... shall keep completely confidential the terms of this Agreement, including all facts, circumstances, statements or documents relating thereto, . . . [except as necessary] to secure enforcement of the terms and conditions of this Agreement.;
(c) In the event that, pursuant to a valid subpoena, court order or other valid legal process, the Hammonds or Broker is commanded ... to testify or produce documents, he will as soon as practical . . . provide Guardian with written notice prior to responding to such subpoena, court order or legal process . . .
The next eight numbered paragraphs contained mutual releases by the parties, agreements not to institute further proceedings against one another and not to disparage one another based on the issues raised in the litigation.
The monetary terms of the settlement were set forth in numbered Paragraph 11, which provided, in pertinent part:
(a) Within ten days of the execution of this Agreement the Hammonds will surrender the Annuities and withdraw the total accumulated value of the Annuities;
(b) Within ten days of the surrender of the Annuities, the Broker will pay to the Hammonds the difference between the total accumulated value of the Annuities withdrawn and $135,615;
(c) Guardian will waive all surrender charges associated with the Hammonds’ surrender of the Annuities and will permit the total accumulated value of the Annuities to be withdrawn by the Hammonds without penalty.
The Agreement contained further provisions referencing the parties’ respective obligations for their own fees and costs related to the litigation, their opportunity to consult with counsel in entering into the agreement, and their understanding and agreement that the Agreement constituted the full understanding of the parties and would be construed under Massachusetts law. As well, in numbered Paragraph 21, the parties acknowledged the severabiliiy of the Agreement.
21. In the event that any one or more of the provisions contained in this Agreement shall, for any reason, be declared in a legal forum to be invalid, illegal, ineffective or unenforceable in any respect such invalidity, illegality, ineffectiveness or unen-forceability shall not affect any other provision of this Agreement which shall otherwise remain in full force and effect and continue to be binding upon the Parties.
Agreement, Page Six, Paragraph No. 21.
The Agreement was executed by the plaintiffs in February 2003, and by Guardian in April 2003. Thereafter, on May 7, 2003, the Hammonds completed the surrender of the three annuities in question and Guardian paid them $131,567.45, reflecting their aggregate accumulated value. Pursuant to Paragraph 11(b), the Hammonds looked to Sky Investments, as Broker, for $4,047.55, representing the difference between the monies received and the settlement figure of $135,615.00. Efforts to enforce the Agreement against Sky were unsuccessful, Sky having sought the protection of the Bankruptcy Court. Therefore, the plaintiffs filed the instant motion seeking to hold Guardian liable for Sky’s obligation based on a claim of joint and severable liability.
DISCUSSION
The interpretation of a contract is a question of law to be determined by the Court. Somerset Savings Bank v. Chicago Title Ins. Co., 420 Mass. 422 (1995). The terms used, if clear and unambiguous, are to be interpreted according to their plain meaning. Money Store/Massachusetts, Inc. v. Hingham Mutual Fire Ins. Co., 430 Mass. 298, 300 (1999). The objective is to construe the contract as a whole, in a reasonable and practical way, consistent with its language, background, and purpose. Massachusetts Property Ins. Underwriting Assn v. Wynn, 60 Mass.App.Ct. 824, 827 (2004). Moreover, “[A] contract is to be construed to give reasonable effect to each of its provisions.” J.A. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 795 (1986).
The plaintiffs argue that the Agreement was breached when, in 2003, Sky Investments failed to pay the outstanding balance of $4,047.55, as required by Paragraph 11 (b). A further breach occurred according to the plaintiffs, when Guardian refused to cover Sky’s obligation based on a theory that Guardian, as a joint defendant and under an agency theory, is jointly liable for the full amount of the settlement award. The plaintiffs claim support for their position based on the language contained in numbered Paragraph Two, “As a material inducement to the Parties to enter into this Agreement, and as an indivisible part of the consideration . . . the Parties shall comply with the following: ...” According to the Hammonds, this language shows that the various provisions of the Agreement were intended to be indivisible, rendering Guardian, as defendant, jointly responsible for the obligations of Sky Investments.
The interpretation cast on the quoted portion of Paragraph Two by the plaintiffs is not a reasonable construction of the language. First, the indivisibility portion of the consideration is found only in Paragraph Two which contains three specific agreements relating to the confidentiality of discovery and the terms of the settlement. The paragraph is unambiguous in its meaning; that an agreement to keep the settlement confidential, and to notify Guardian in the event some *91 legal process required disclosure, was an indivisible part of the consideration for the parties (likely, Guardian) to enter into the Agreement. This interpretation is supported by the construction of the Agreement as a whole and by consideration of its other terms. Intended to encompass all of the terms of the parties’ settlement,[4] each of the 25 numbered provisions contained a distinct obligation or acknowledgment, specifying the particular party to which it applied. Nowhere in the Agreement does Guardian assume the obligations of Sky Investments under the terms of Paragraph 11. As well, there is no language stating that the Agreement was voidable in the event only one of the defendants complied but the other did not.
To construe the Agreement as indivisible as to all its terms would require the Court to imply a condition that the parties could have, but did not, make explicit. Moreover, such a construction would render meaningless the severability clause found in Paragraph 21. There, the parties agreed that in the event any portion of the Agreement was ineffective or unenforceable, the remainder of the Agreement would survive.
The monetary portion of the Agreement, contained in Paragraph 11, imposed separate obligations on Guardian and Sky Investments. The plaintiff concedes that Guardian fulfilled its principal obligation to pay the accumulated value of the surrendered annuities. Moreover, there is no claim that Guardian breached any other provision of the Agreement, merely that it failed or refused to pay the monies owed by Sky which, under current circumstances, cannot be collected from Sky. Applied to the circumstances now existing (where Guardian has complied with its payment obligations but Sky has not) the only fair construction of Paragraph 21 results in a conclusion that while Sky may be in breach, Guardian is not.
Aside from plaintiffs contention that Guardian is liable because the parties’ obligations were entirely indivisible, a contention not accepted by this Court, the plaintiffs argue that Guardian is liable for Sky’s debt because Sky was Guardian’s agent in the issuance of the annuities. The fatal flaw in this claim is that it is not established within the Agreement. The Agreement is clear and unambiguous, in its Preamble and in its provisions, that the defendants, by entering into the settlement agreement, were not admitting to any of the allegations contained in the plaintiffs’ amended complaint or admitting liability or wrongdoing of any kind. There is no acknowledgment anywhere in the seven-page Agreement referencing any kind of a relationship (agency or otherwise) between Guardian and Sky, nor can a fair reading of the Agreement permit such a finding by implication. Moreover, the defendants were represented by separate counsel and separately executed the Agreement, thereby binding themselves but not assuming liability for another. Had the Hammonds intended that each defendant was jointly and severally liable for the payment obligation of the other, or that the Agreement would fail in its entirety if Sky defaulted, they could have made that expectation explicit in the Agreement. Its omission from an otherwise comprehensive and integrated set of promises compels the conclusion that it was not an agreed term. In short, there is nothing in the Agreement that could fairly permit a finding that Guardian agreed to assume the obligations of Sky Investments.
After hearing and upon consideration of the parties’ written memoranda and review of the Settlement Agreement, this Court declares that Guardian Insurance & Annuity Co., Inc. is not liable for the debt of Sky Investments, Inc., and further, that Guardian has not breached the Settlement Agreement.
ORDER
Plaintiffs’ Motion to Interpret the Settlement Agreement and Enforce Same Against Guardian Insurance and Annuity Company, Inc. is DENIED.

Although not reflected by way of a stipulation of dismissal in the court’s docket, the parties agree that Mark O’Donnell is no longer a party to this case. Consequently, according to plaintiffs, he was not provided notice of the motion or hearing. Defendant Sky Investments, Inc. is currently under the jurisdiction of the U.S. Bankruptcy Court which issued a stay of litigation as to Sky. Sky did not respond to the instant motion nor did it appear at hearing. Construing the Order of the Bankruptcy Court to preclude any determination that would affect the interests of Sky, the instant Memorandum of Decision relates only to the rights and obligations of Guardian.

Agreement; Page One, Paragraph 4 (hereinafter, “Agr., p. _, ¶_").

See also, Agr., p. 2, ¶#1.

See Agr.; p. 6, ¶20 (“Agreement constitutes the full, complete and entire understanding, agreement, and arrangement between the Parties with respect to the subject matter hereof. . .”).