FARMER, J.
 

 The owners of a condominium unit appeal a final order enforcing a settlement agreement in litigation in which they were involved. We affirm the order.
 

 Improperly installed sewage lines throughout the condominium resulted in the flooding of owners’ unit. Their insurance paid for some of the damages but not all. They notified the association who in turn sued the contractor, architect and engineers because the defect existed throughout the development. Ultimately the association agreed to settle those suits during mediation. The settlement agreement required both the association and a class of all unit owners to agree. The court certified a class of owners and the association as class representative on behalf of all unit owners. The court approved the settlement agreement. The defendants paid nearly $2 million to the association and general releases were delivered.
 

 Nearly a year later, owners filed this suit against all the defendants in the class action as well as the association. They sought additional damages to their unit. In response to this suit, all defendants joined in a motion to enforce the settlement agreement against owners as members of the certified class bound by its terms.
 

 At an evidentiary hearing on the motion to compel, witnesses testified on behalf of the moving defendants that the settlement agreement was duly executed and performed by all parties and was explicitly binding on all unit owners. These witnesses further testified that owners never gave any notice before approval of the settlement by the court that owners desired to “opt out” of the certified class. Owners offered no evidence of their own at the hearing and, specifically, they offered nothing to conflict with the testimony of the witnesses for the parties moving to enforce the settlement agreement to bar owners’ subsequent suit. The trial court granted the motion and dismissed the suit. Owners appeal that decision.
 

 The law is well settled that:
 

 “a stipulation properly entered into and relating to a matter upon which it is appropriate to stipulate is binding upon the parties and upon the Court. This is especially true of settlement agreements which are highly favored in the law.” [C.O.]
 

 Dorson v. Dorson,
 
 393 So.2d 632, 633 (Fla. 4th DCA 1981). A settlement agreement is a contract. An unambiguous contract provision must be afforded its plain meaning.
 
 Broward County v. LaPoints,
 
 685 So.2d 889, 892 (Fla. 4th DCA 1996).
 

 In this case, the settlement agreement was authenticated and introduced as evi
 
 *976
 
 dence at the hearing. All parties stipulated to its validity. Owners’ counsel explicitly stated she had no dispute as to the validity of the settlement agreement. It is also not disputed that the association had the authority to initiate and settle lawsuits as the class representative of the unit owners who are members of the condominium association. A non-consenting class member had the right not to be part of the class and could opt out. Owners failed to present any evidence of ever properly exercising that right.
 

 Affirmed.
 

 GROSS, C.J., and STEVENSON, J., concur.