LEVINE, J.
The issue presented is whether a homeowners’ insurance policy covered a golf cart accident that occurred on a private road near, but not on, the insured’s residential property. We find that this accident was not covered under the homeowners’ policy of the insured, and we affirm the trial court’s entry of a declaratory judgment on behalf of appellee.
Alexander, the minor son of appellants Nicholas and Charlene Elliott, was operating a golf cart on a private road within the Plantation at Sewall’s Point community in Stuart. Katie, the minor daughter of appellant Linda Frontiero, was a passenger on the golf cart, and at some point during the ride, Katie fell out of the golf cart and sustained injuries. Subsequently, the Frontieros filed a negligence complaint against the Elliotts. As a result of this claim, appellee filed an action for declaratory judgment seeking a determination of coverage under the Elliotts’ homeowners’ insurance policy.
Appellee disputed that the allegations in the underlying negligence action would invoke the coverage of the Elliotts’ homeowners’ policy. Appellee claimed that the accident took place outside of the insured premises and was not covered by the homeowners’ policy. The Frontieros also filed a counterpetition for declaratory relief, seeking a declaration that appellee had an “obligation to defend and indemnify” the Elliotts in the negligence allegations. The trial court agreed with appellee and granted final judgment declaring that the policy did not cover the injuries Katie sustained in the accident. This appeal ensues.
Since this case “presents a question of insurance policy interpretation, which is a question of law,” we review the trial court’s conclusions de novo. Penzer v. Transp. Ins. Co., 29 So.3d 1000, 1005 (Fla. 2010).
In this case, the Elliotts’ homeowners’ insurance policy excluded from coverage any “bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading” of any “motor vehicle owned or operated by or rented or loaned to any insured.” The insurance policy defined a golf cart as a “recreational vehicle,” but a recreational vehicle was considered a motor vehicle “while off an insured location.” The policy defined the “insured location” in pertinent part as follows:
a. the residence premises;
b. the part of any other premises, other structures and grounds used by you as a residence. This includes premises, structures and grounds you acquire while this policy is in effect for your use as a residence;
c. any premises used by you in connection with the premises included in [a.] or [b.]....
The policy further defined the “residence premises” as “the one, two, three or four-family dwelling, other structures and grounds” or “that part of any other building” where the insured “reside[s].”
The main thrust of appellants’ argument is that the private street, within the development, constituted an “insured location” under the homeowners’ policy, and as such, the “motor vehicle” exception did not *504 apply to the golf cart, and appellee would be liable for the injuries Katie sustained in the accident. Appellants argue that the language of the homeowners’ policy, which includes “any premises used” in “connection with the premises,” renders the private roads and common areas of the community to be “insured locations.”
Appellee offered evidence at trial that the roads and common areas within the community were owned by the Sewall’s Point Plantation Homeowner’s Association. The covenants for the development also stated that each owner enjoys a “permanent and perpetual easement for ingress and egress for pedestrian and vehicular traffic over and across the walkways, private streets, sidewalks and driveways.” Nicholas Elliott testified that the roads within the community were private, and the roads were open and available to all invitees of the owners of the home within the community. No guards were posted at the entrance to the community; members of the public need only pull up to the gate and wait for the gate to open.
The trial court found several different, but interrelated, reasons to grant final judgment and find that the accident was not covered under the homeowners’ policy. The trial court concluded that the accident took place on land owned by the homeowners’ association, which is not an “insured location,” that the road where the accident took place was not a “premises” under the policy, and finally, that the location was not “premises used” in “connection with the premises.”[1]
We are persuaded by the case law and the plain language of the homeowners’ policy that the trial court correctly entered a declaratory judgment on behalf of the ap-pellee. In the absence of ambiguity, the language of the contract is the best expression of the parties’ intent. Barakat v. Broward Cnty. Hous. Auth., 771 So.2d 1193, 1194-95 (Fla. 4th DCA 2000). Unambiguous contract language “must be afforded its plain meaning.” Lazzaro v. Miller & Solomon Gen. Contractors, Inc., 48 So.3d 974, 975 (Fla. 4th DCA 2010).
In Federal Kemper Insurance Co. v. Derr, 386 Pa.Super. 382, 563 A.2d 118 (1989), the court found that an accident that occurred on a private road was not covered by the homeowners’ policy. Like the present case, the accident in Derr took place on a private road which was the sole ingress and egress for the homeowners in the community. The homeowners’ association was responsible for the common maintenance of the roadway. The court concluded that “the property owners cannot control, alter or restrict the use of the road in any fashion, as it is dedicated” for the “use as a roadway to all property owners.” Id. at 122. In the present case, none of the homeowners in the community can “control, alter or restrict” any part of the road on which the golf cart accident took place. Thus, we agree with the court in Deir that a private road cannot be part of the premises where the individual homeowners exercise no individual control over the roadway, as in the present case.[2]
*505 We are also persuaded by Massachusetts Property Insurance Underwriting Ass’n v. Wynn, 60 Mass.App.Ct. 824, 806 N.E.2d 447 (2004), in which the court considered whether a homeowners’ insurance policy provided coverage for injuries sustained during an accident involving an ATV on a nearby beach. The beach was the property of the homeowners’ association, which was comprised of the 242 homeowners who shared “rights to the beach and pond.” Id. at 449 n. 2. The beach, where the accident took place, did not “adjoin” the homeowners’ property and was “some distance away.” Id. at 451. The court in Wynn rejected the view that the beach was an “insured location” simply because it was “used regularly in connection with [the] nearby residence.” Id. The court concluded that to view the beach as being used “in connection” with the “insured location” would “render the definition of ‘insured location’ meaningless and provide no discernible geographical limit to coverage.” Id.
Likewise, in United States Fire Insurance Co. v. Schnackenberg, 88 Ill.2d 1, 57 Ill.Dec. 840, 429 N.E.2d 1203 (1981), the court was asked to determine if there was coverage for an accident, involving a bicycle, that took place two-and-a-half blocks from the insured premises. The court concluded that to provide coverage as “incidental” to the insured premises two-and-a-half blocks away would render the definition of “insured premises” “meaningless.” Id. at 1207. The court in Schnackenberg postulated that if riding a bicycle “2 1/2 blocks away from the insured premises is a use incidental to those premises because it originated there, it is just as incidental if the rider is 2 1/2 miles or any greater distance from home.” Id.
Similarly, in the present case, the golf cart accident took place approximately one-and-a-half to three blocks away from the insured premises on a private road within the gated community. To accept the legal principle that the private road located blocks away from the “insured location” was used “in connection” with the insured location, as a roadway in and out of the community, could effectively make all roads within all gated communities covered locations “used in connection with” the insured location. This interpretation is untenable.[3]
In the present case, the definition of “insured premises” or “insured location” would be rendered meaningless without a “discernible geographic” limitation to coverage.
In conclusion, we find the trial court correctly determined that the accident was not covered under the homeowners’ policy, inasmuch as it did not occur on the insured premises. Therefore, we affirm the court’s declaratory judgment in favor of appellee.

Affirmed.

WARNER and STEVENSON, JJ., concur.

. The trial court also found that the distance of the area of the accident from the covered residential premises was "too far to qualify as an 'insured location.' "

. We are also persuaded by Indiana Insurance Co. v. Dreiman, 804 N.E.2d 815 (Ind.Ct.App.2004), in which the court found the term "premises” was unambiguous, and as such the "premises” did not include public roadways. "The references to 'premises' include related references to 'structures and grounds,’ places 'rented,' and places where an insured temporarily ‘resid[es].' ” Id. at 820. The court concluded that "[n]either the definitions nor the context of the policy supports a determination that a public roadway constitutes 'premises used in conjunction' " with the insured’s premises. Id. No roadway, whether *505 public or private, can be a "premises” under this policy language.

. The Third District held that a vacant lot, across the street from the insured’s residence, was not used "in connection with” the insured premises, merely because the lot was regularly used by the insured. Id. at 1155. The court found the contrary interpretation, that "any non-owned empty lot regularly used by an insured to ride her motor vehicle” was an "insured premises,” to be "absurd.” Marchese v. Lititz Mut. Ins. Co., 524 So.2d 1155 (Fla. 3d DCA 1988).