NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

24-P-946                                          Appeals Court


MARYANNE BOMBAUGH  vs.  UNUM LIFE INSURANCE COMPANY OF AMERICA &
                         another.[1]


                       No. 24-P-946.

        Worcester.     December 10, 2025. – March 4, 2026.

           Present:  Blake, C.J., Hand, & Toone, JJ.


Insurance, Disability insurance, Construction of policy.
     Contract, Insurance, Construction of contract, Performance
     and breach.  Practice, Civil, Summary judgment.


     Civil action commenced in the Superior Court Department on
December 30, 2021.

     The case was heard by Valerie A. Yarashus, J., on motions
for summary judgment, and entry of final judgment was ordered by
her.


     Joseph M. Hamilton for the defendants.
     Mala M. Rafik for the plaintiff.


     BLAKE, C.J.  Defendant Unum Life Insurance Company of

America (Unum Life) issued a disability income policy to the

plaintiff, Maryanne Bombaugh, in 1992 and has paid benefits to

_____

     [1] Unum Group.

her under the terms of that policy since 2008.  Following a dispute over whether Unum Life had to increase the amount of Bombaugh's benefits annually after she turned sixty-five years old, Bombaugh brought suit against Unum Life and its parent company, Unum Group.  On cross motions for summary judgment, a Superior Court judge concluded that the policy language was ambiguous and construed it in Bombaugh's favor.  Judgment entered for Bombaugh for breach of contract.[2]  Unum Life and Unum Group appeal.  We reverse.

Background.  The following facts are undisputed.  As noted, Unum Life issued a disability income policy to Bombaugh in 1992.  The policy was intended to provide replacement income to Bombaugh in the event that she became unable to perform the duties of her occupation due to a disability.

The policy included a base policy plus some riders that expanded the coverage provided for in the base policy.  The base policy provided that Unum Life would pay a total disability benefit as follows:

"We will pay the Maximum Disability Benefit in any month after you have satisfied the Elimination Period that:

"1.  you are totally disabled; and

---

[2] Bombaugh also brought claims for violations of G. L. c. 93A, and breach of the implied covenant of good faith and fair dealing.  Those claims were resolved in favor of Unum Life and Unum Group.  Bombaugh did not cross-appeal, and thus, there are no issues as to them in this appeal.

"2. your total disability is a result of the injury or sickness which caused you to satisfy the Elimination Period.

"The Total Disability Benefit will not be paid beyond the Maximum Benefit Period."[3]

Under the base policy, the monthly maximum disability benefit was $9,371, and the maximum benefit period was the later of (1) the policy anniversary after Bombaugh turned sixty-five years old or (2) twenty-four months after disability payments began.

As pertinent here, additional language in two riders expanded this coverage. First, a lifetime sickness benefit rider affected the duration of the maximum benefit period. It provided that Unum Life would continue to pay the maximum disability benefit "[b]eginning on the later of the policy anniversary when your age is 65 or the end of the Maximum Benefit Period," provided that, among other things, the total disability "is the result of sickness which began before the policy anniversary when your age was 60 and while this rider was in effect."

---

[3] "Elimination Period" was defined as "the number of days stated on [the policy schedule] preceding the date benefits become payable . . . , during which you are totally or residually disabled. The Elimination Period begins on the first day that you are totally or residually disabled."

Second, a cost-of-living adjustment rider affected the amount of the maximum disability benefit and provided as follows:

"On each anniversary of the first day of a period of disability which began while this rider was in effect, we will increase the Maximum Disability Benefit by multiplying the Maximum Disability Benefit in effect on the first day of the disability by the [Consumer Price Index for All Urban Consumers] Factor to determine the new Maximum Disability benefit if:

"1.  you are disabled;

"2.  the disability is caused by an injury that occurs, or by a sickness that begins, after this rider became effective; and

"3.  the policy anniversary when your age is 65 has not occurred."

The cost-of-living adjustment rider further provided, "If you are disabled on the policy anniversary when your age is 65, future payments for that disability will be based on the Maximum Disability Benefit in effect on that policy anniversary."[4]

In 2008, Bombaugh became unable to perform the duties of her occupation as an obstetrician and gynecologist, and Unum Life began paying the maximum disability benefit to her.

---

[4] The cost-of-living adjustment rider also included a termination provision, which specified that the rider would terminate on the earliest of (1) "the policy anniversary when your age is 65 except with respect to a disability which exists on that policy anniversary," (2) "the date we receive your request to terminate this rider," or (3) "the date the policy terminates."  It is undisputed that the triggers for termination have not occurred and that the cost-of-living adjustment rider remains in effect.

Pursuant to the cost-of-living adjustment rider, Unum Life increased the amount of the maximum disability benefit annually but stopped doing so on the policy anniversary after Bombaugh turned sixty-five years old. At that time, Bombaugh's monthly maximum disability benefit was $14,421.03, which equaled the original maximum disability benefit of $9,371 plus $5,050.03 in increases. Since then, Unum Life has continued to pay Bombaugh a monthly maximum disability benefit of $14,421.03, which includes the $5,050.03 in increases that had accrued prior to her sixty-fifth birthday.

Discussion. Unum Life argues that, under the terms of the policy including all the riders, Bombaugh's maximum disability benefit effectively froze on the policy anniversary after she turned sixty-five years old. Unum Life does not dispute that Bombaugh's maximum disability benefit continues to include the cost-of-living adjustment increases that accrued prior to her sixty-fifth birthday, only that Bombaugh's maximum disability benefit is not subject to any additional increases. Bombaugh, however, argues that Unum Life must continue to increase the amount of her maximum disability benefit annually.

The question presented turns on the interpretation of the policy, which is a question of law that we review de novo. See Green Mountain Ins. Co. v. Wakelin, 484 Mass. 222, 226 (2020). "[T]he rules governing the interpretation of insurance contracts

are the same as those governing the interpretation of any other contract" (citation omitted).  Sullivan v. Southland Life Ins. Co., 67 Mass. App. Ct. 439, 442 (2006).  Our "objective is to construe the [insurance policy] as a whole, in a reasonable and practical way, consistent with its language, background, and purpose" (citation omitted).  Id.  If the language of an insurance policy is unambiguous, then we construe the words according to their plain meaning.  See id.  The language of an insurance policy "is ambiguous only if it is susceptible of more than one meaning and reasonably intelligent persons would differ as to which meaning is the proper one" (citation omitted).  Id. at 443.  Controversy between the parties does not alone create an ambiguity, nor does difficulty in comprehension.  See id.

Here, the focus of the parties' dispute is on the language providing that, "[o]n each anniversary," Unum Life will increase the maximum disability benefit if, among other things, "the policy anniversary when your age is 65 has not occurred."  This provision sets forth a requirement that Bombaugh had to meet on each anniversary for Unum Life to increase her maximum disability benefit that year.  On the policy anniversary after Bombaugh turned sixty-five years old, she no longer met the requirement.  Accordingly, Unum Life stopped increasing Bombaugh's maximum disability benefit in accordance with the terms of the policy.

We are not persuaded by Bombaugh's argument that this interpretation does not give full effect to the lifetime sickness benefit rider.  The lifetime sickness benefit rider addresses the duration of the maximum benefit period, not the amount of the maximum disability benefit.  Consistent with the lifetime sickness benefit rider, Unum Life continues to pay Bombaugh the maximum disability benefit, as that benefit had been adjusted under the cost-of-living adjustment rider.

Likewise, we are not persuaded by Bombaugh's argument that the language requiring Unum Life to increase the maximum disability benefit on each anniversary if certain criteria are satisfied is ambiguous.  Bombaugh argues that the provision could be interpreted to set forth criteria that she had to satisfy only at one point in time -- when she became unable to perform the duties of her occupation.  However, that is not what the provision says.

First, we look to the grammatical structure of the provision.  See DeWolfe v. Hingham Ctr., Ltd., 464 Mass. 795, 803 (2013).  The provision includes (1) an action (on each anniversary, Unum Life will increase the amount of the maximum disability benefit) and (2) a conditional clause that must be satisfied for the action to occur.  In ordinary usage, where a sentence contemplates that an action may recur, the conditional clause must be satisfied at each recurrence.  Take, for example,

the following sentence:  on the 15th of every month, you must pay a $100 late fee if your balance has not been paid in full. That sentence sets forth a test that must be satisfied on the 15th of every month, not a one-time test that must be satisfied at an unspecified point in time.  Likewise, here, the conditional clause sets forth a test that must be satisfied on each anniversary for the action to occur that year.

Second, Bombaugh's interpretation does not read the policy as written.  See Continental Cas. Co. v. Gilbane Bldg. Co., 391 Mass. 143, 147 (1984).  To create a one-time test that Bombaugh had to satisfy only when she became unable to perform the duties of her occupation, Unum Life would have needed to include additional language tying the conditional clause to that moment in time.  For example, the provision could have said that Unum Life will increase the maximum disability benefit on each anniversary if, at the time the disability begins, the policy anniversary when the insured's age is sixty-five has not occurred.  Where no such language was included, the ordinary interpretation, as discussed above, would be that Bombaugh had to satisfy the conditional clause at each recurrence.

Third, Bombaugh's interpretation would render some of the language of the provision superfluous.  See Sherman v. Employers' Liab. Assur. Corp., 343 Mass. 354, 357 (1961) ("An interpretation which gives a reasonable meaning to all of the

provisions of a contract is to be preferred to one which leaves a part useless or inexplicable").  The provision sets forth three criteria that must be satisfied for Unum Life to increase the maximum disability benefit:  (1) "you are disabled," (2) "the disability is caused by an injury that occurs, or by a sickness that begins, after this rider became effective," and (3) "the policy anniversary when your age is 65 has not occurred."  If Bombaugh's interpretation were correct, the first requirement would redundantly read that Unum Life will adjust the amount of the maximum disability benefit on each anniversary if, at the time the disability begins, the insured is disabled.

Separately, Bombaugh's interpretation does not give effect to all the language in the cost-of-living adjustment rider.  See Verveine Corp. v. Strathmore Ins. Co., 489 Mass. 534, 538-539 (2022).  As indicated, the cost-of-living adjustment rider includes the following additional language:  "If you are disabled on the policy anniversary when your age is 65, future payments for that disability will be based on the Maximum Disability Benefit in effect on that policy anniversary."  This language again frames the policy anniversary after an insured has turned sixty-five years old as a point at which the maximum disability benefit is calculated differently.  When read in conjunction with the language providing that Unum Life will increase the amount of the maximum disability benefit if "the

policy anniversary when your age is 65 has not occurred," the two provisions establish that the cost-of-living adjustment increases stop on the policy anniversary after an insured has turned sixty-five years old.  Unum Life's interpretation -- that the cost-of-living increases stop but that an insured continues to receive the increases that previously accrued -- gives full effect to both provisions.  Bombaugh's interpretation -- that she should continue to receive cost-of-living increases after her sixty-fifth birthday -- does not.

We acknowledge that there are ways Unum Life could have made it even clearer that it would stop increasing the amount of the maximum disability benefit after Bombaugh turned sixty-five years old.  Bombaugh suggests, for example, that the cost-of-living adjustment rider could have provided that increases to the maximum disability benefit will freeze on the policy anniversary after an insured has turned sixty-five years old. However, the fact that different language could have been even clearer does not render the language used ambiguous.  Reading an insurance policy is often a formidable task, and "difficulty in comprehension does not equate with ambiguity."[5]  Massachusetts

---

[5] Given our conclusion, we need not address additional arguments raised by the parties, including Unum Group's argument that it is not a proper party to this lawsuit.

Prop. Ins. Underwriting Ass'n v. Wynn, 60 Mass. App. Ct. 824, 827 (2004).

Conclusion.  The judgment entered in favor of Bombaugh on her breach of contract claim is reversed, and a new judgment shall enter dismissing the complaint.

So ordered.