**ILLINOIS FARMERS INSURANCE COMPANY, an Illinois Corp., Respondent,**

v.

**Lori COPPA, a minor, et al., Appellants.**

**No. C5–92–1599.**

Court of Appeals of Minnesota.

Jan. 5, 1993.

Craig B. Nichols, Hansen, Dordell, Bradt, Odlaug & Bradt, St. Paul, for respondent.

Joel E. Smith, Eckmann, Strandness & Eagan, Minneapolis, for appellants.

Considered and decided by PETERSON, P.J., and PARKER and SHORT, JJ.

## OPINION

PARKER, Judge.

Appellants seek review of a declaratory judgment holding that a claim for bodily injury fell outside the scope of applicable insurance coverage. We affirm.

### FACTS

This matter arose out of an accident in November 1985 involving an all-terrain vehicle (ATV). Appellants Lori Coppa and Daniel Whaley were visiting the Nelsons' daughter. With the Nelsons' consent, the teenagers rode the ATV throughout the Nelsons' property and on a neighbor's adjoining hayfield. The ATV tipped over while they were riding across the hayfield, and a back tire of the ATV landed on Coppa's foot and fractured it.

The Nelsons were insured under a homeowner's policy issued by Illinois Farmers Insurance Company. The insurer informed the Nelsons that it would not provide cov-

erage. Illinois Farmers commenced a declaratory judgment action against Coppa, the Nelsons and Whaley, contending the exclusions in the policy precluded coverage.

The homeowners' policy provides:

**SECTION II–LIABILITY**

**Coverage E–Personal Liability**

We shall pay all damages from an accident which an insured is legally liable to pay because of bodily injury or property damage covered by this policy.

\*  \*  \*  \*  \*  \*

**EXCLUSIONS**

**Applying to Coverage E and F–Personal Liability**

We do *not* cover bodily injury or property damage:

\*  \*  \*  \*  \*  \*

5. arising out of ownership, maintenance, use, loading or unloading of:

\*  \*  \*  \*  \*  \*

(b) a motor vehicle owned or operated by or rented or loaned to an insured.

\*  \*  \*  \*  \*  \*

**DEFINITIONS**

\*  \*  \*  \*  \*  \*

7. **Motor Vehicle** means:

\*  \*  \*  \*  \*  \*

b. Any other motorized land vehicle designed for recreational use off public roads while off an **insured location.**

6. **Insured location** means:

a. The residence premises.

\*  \*  \*  \*  \*  \*

d. Any premises used by you in connection with the premises included in 6a, 6b, or 6c.

\*  \*  \*  \*  \*  \*

11. **Residence premises** means the one or two family dwelling, separate structures and grounds, or that part of any other building where you reside, and shown in the Declarations.

The trial court held that the hayfield upon which the accident occurred was not "used in connection with" the residence premises and the policy precluded cover-

age. Illinois Farmers' motion for declaratory judgment was granted.

## ISSUES

I. Was the hayfield upon which the accident occurred an insured location within the meaning of the insurance policy?

II. Is the language of the insurance policy ambiguous?

## DISCUSSION

"On appeal from a declaratory judgment, this court applies a 'clearly erroneous' standard of review to the factual findings." *Waste Recovery Coop. v. County of Hennepin,* 475 N.W.2d 892, 894 (Minn.App. 1991), *pet. for rev. denied* (Minn. Dec. 9, 1991) (quoting *Toombs v. Daniels,* 361 N.W.2d 801, 805 (Minn.1985)). In a declaratory judgment action, "the court as the trier of facts must be sustained in its findings unless they are palpably and manifestly contrary to the evidence." *Samuelson v. Farm Bureau Mut. Ins. Co.,* 446 N.W.2d 428, 430 (Minn.App.1989), *pet. for rev. denied* (Minn. Nov. 22, 1989).

## I

Appellants contend the ATV accident occurred on land used by the Nelsons in connection with their residence.

▮ An insurance policy: must be construed according to the terms the parties have used, and the language used must be given its ordinary and usual meaning so as to give effect to the intention of the parties as it appears from the contract.

*Dairyland Ins. Co. v. Implement Dealers Ins. Co.,* 294 Minn. 236, 244–45, 199 N.W.2d 806, 811 (1972). Policy exclusions are as much a part of the insurance contract as other parts and must be given the same consideration in determining coverage. *Bobich v. Oja,* 258 Minn. 287, 295, 104 N.W.2d 19, 24–25 (1960). The burden is on the insurer to establish the applicability of an exclusion. *Caledonia Community Hosp. v. St. Paul Fire & Marine Ins. Co.,* 307 Minn. 352, 354, 239 N.W.2d 768,

770 (1976). Exclusions are strictly interpreted against the insurer. *Hennings v. State Farm Fire & Cas. Co.*, 438 N.W.2d 680, 683 (Minn.App.1989), *pet. for rev. denied* (Minn. June 9, 1989).

The Minnesota Supreme Court has interpreted similar policy provisions in *Torbert v. Anderson*, 301 Minn. 339, 340-41, 222 N.W.2d 341, 343 (1974). In *Torbert* a swimmer brought suit for injuries sustained when he was hit by a boat owned by an insured. *Id.*, at 340, 222 N.W.2d at 340-42. The homeowner's policy did not cover accidents which occurred "away from the premises." *Id.* at 341, 222 N.W.2d at 342-43. "Premises" was defined in the policy as "all premises where the named insured or his spouse maintains a residence and includes private approaches thereto and other premises and private approaches thereto for *use in connection with* said residence." *Id.* at 341-42, 222 N.W.2d at 343 (emphasis supplied). The Court held the exclusion applied because the lake was "away from the premises." *Id.* at 342, 222 N.W.2d at 343.

 Although the policy language in *Torbert* referred to private approaches, in essence it is the same language as the policy here. Had, for example, the accident in *Torbert* occurred with a snowmobile or ATV on a frozen lake, it would be more akin to the hayfield location we have here and the same result would obtain. The exclusionary language would still apply. We hold that the trial court did not err in finding that the neighbor's hayfield was not "used in connection with" the residence premises.

## II

 Appellants contend the insurance policy is ambiguous and should be construed against Illinois Farmers. We disagree.

 In interpreting the language of the policy, this court must determine as a matter of law whether the language is ambiguous. *Columbia Heights Motors, Inc. v. Allstate Ins. Co.*, 275 N.W.2d 32, 34 (Minn.1979). An ambiguity exists if the language of the policy is reasonably susceptible to more than one interpretation.

*ICC Leasing Corp. v. Midwestern Mach. Co.*, 257 N.W.2d 551, 554 (Minn.1977). However, a court should avoid reading an ambiguity into a contract in order to provide coverage if the plain language is clear. *Farkas v. Hartford Accident & Indem. Co.*, 285 Minn. 324, 327, 173 N.W.2d 21, 24 (1969). If a court interpreting an insurance contract finds an ambiguity, any reasonable doubt as to its meaning must be resolved in favor of the insured. *Id.* We believe the relevant language is not ambiguous.

 We also disagree with appellants' alternative argument that the case should be remanded to the trial court so that issues of fact regarding the Nelsons' expectations of coverage may be tried to a jury. When application of policy language would run contrary to the reasonable expectations of the insured, the policy is to be interpreted according to those reasonable expectations even when the policy is unambiguous. *Atwater Creamery Co. v. Western Nat'l Mut. Ins. Co.*, 366 N.W.2d 271, 278 (Minn. 1985).

When examining all the provisions of the policy together, and in particular the nine specifications included in the definition of the "insured location," we are compelled to conclude that "insured location" was not meant to describe adjacent, non-owned land on which an ATV might be used. The hayfield is not part of the residence premises and is not "used in connection with" such premises as are approaches or easements of ingress to or egress from the property. It is not reasonable to expect that every field or pathway in the neighborhood leading to the insureds' residence is property "used in connection with" the residence. We hold that the trial court did not err in finding that coverage was precluded under the policy.

## DECISION

The trial court properly granted declaratory judgment in favor of the insurer.

Affirmed.