A98A1868. COLE v. LIFE INSURANCE COMPANY OF GEORGIA et al.
(511 SE2d 596)

BLACKBURN, Judge.

Mae Elizabeth Cole appeals the trial court's order granting the defendants' motion for summary judgment in the underlying action for additional accidental death benefits. The trial court determined that the insurance policy at issue unambiguously provided for accidental death benefits of $10,000 above the face amount of the policy, instead of the $15,000 claimed by Cole. For the reasons set forth below, the trial court erred in granting defendants' motion for summary judgment.

"When reviewing the grant or denial of a motion for summary judgment, this Court conducts a de novo review of the law and the evidence. The opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion." (Punctuation omitted.) *Bodymasters Sports Indus. v. Wimberley*, 232 Ga. App. 170 (501 SE2d 556) (1998).

In the present case, Gene Cole owned a life insurance policy as an insured with defendant Southland Life Insurance Company. The first page of the insurance contract contains, under the heading "Insurance Benefits," an entry stating "ACCIDENTAL DEATH 1½ TIMES STANDARD." The sum insured is listed as $10,000. By the language contained in the accidental death benefit supplementary agreement, Southland agreed to pay "an additional amount equal to the sum insured in the principal policy" in the event the insured died under accidental conditions defined therein. After his death due to an on-the-job accident, Southland paid Cole's wife, Mae Elizabeth Cole, $10,000 in accidental death benefits. Thereafter, Mae Cole filed the underlying action asserting that pursuant to the insurance contract, she was entitled to accidental death benefits of $15,000.

"Insurance in Georgia is a matter of contract and the parties to the contract of insurance are bound by its plain and unambiguous terms. *Richards v. Hanover Ins. Co.*, 250 Ga. 613 (1) (299 SE2d 561) (1983). However, if a provision of an insurance contract is susceptible of two or more constructions, even when the multiple constructions are all logical and reasonable, it is ambiguous (*Lakeshore Marine v. Hartford Accident &c. Co.*, 164 Ga. App. 417 (2) (a) (296 SE2d 418) (1982)), and the statutory rules of contract construction will be

applied. Pursuant to the rule of construction set forth at OCGA § 13-2-2 (5), the contract will be construed strictly against the insurer/drafter and in favor of the insured." *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712, 716 (4) (470 SE2d 659) (1996). "When two provisions of an insurance contract conflict or are repugnant to each other, the provision most favorable to the insured shall apply." *Home Ins. Co. v. Sunrise Carpet Indus.*, 229 Ga. App. 268, 271 (1) (493 SE2d 641) (1997).

Because the language on the first page of the insurance contract at issue can be construed to provide accidental death benefits of $15,000 it conflicts with the later provision providing for only $10,000 in insurance benefits. Therefore, the provision most favorable to the insured must apply. By allowing the provision most favorable to the insurance company to control, the trial court erred in granting the defendants' motion for summary judgment.

*Judgment reversed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 4, 1999.

*Burge & Wettermark, F. Tucker Burge*, for appellant.
*Gorby & Reeves, Martha D. Turner, Mary D. Peters, Daniel E. Turner*, for appellees.