### A99A1024. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY et al. v. HUNCKE et al.
#### (524 SE2d 302)

PHIPPS, Judge.

This case presents the question of whether a homeowner's policy provides coverage for a motorized all terrain vehicle ("ATV") in a field 400 yards from the insured's residence, while operated for recreational purposes by a 14-year-old nonrelative nonresident of the insured's home.

The facts, which are largely undisputed, are as follows. Edward Morton allowed 14-year-old Patricia Huncke to operate his four-wheel drive ATV for her recreation. The ATV was not registered as a motor vehicle. She lost control of the ATV in a field next to Morton's home and crashed into a parked automobile approximately 400 yards from the home. Goldie Simpson was in the automobile, and she was severely injured in the collision. She sued Huncke and Morton for damages.

Georgia Farm Bureau Mutual Insurance Company insured Morton through a homeowner's policy. Farm Bureau filed a complaint for declaratory judgment and injunctive relief, seeking an order declaring that its policy did not cover Simpson's injuries, and then moved for summary judgment. Simpson opposed Farm Bureau's motion on the grounds that her injuries were not excluded from coverage under the policy and that Huncke was an insured under the policy. The motion was denied by the trial court. Because we find that the policy excludes coverage for claims arising out of the entrustment of a vehicle by the insured to a third party as in this case, and that there is no applicable exception, we reverse.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. [Cit.][1]

> In construing an insurance policy, the test is not what the insurer intended its words to mean, but what a reason-

---

[1] *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991).

able person in the position of the insured would understand them to mean. The policy should be read as a layman would read it and not as it might be analyzed by an insurance expert or an attorney. Where a provision in a policy is susceptible to two or more constructions, the courts will adopt that construction which is most favorable to the insured.[2]

Farm Bureau points to the exclusions listed in Section II of its policy. The policy will not cover bodily injury or property damage arising out of "the entrustment by an insured of a motor vehicle or any other motorized land conveyance to any person." Simpson claims that the policy contains exceptions to this exclusion.

There are four exceptions to the policy's entrustment exclusion. Only exceptions (2) and (4) could be applicable. Under exception (2), the policy's entrustment exclusion would not apply to "a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and . . . owned by an insured and on an insured location." The "insured location" includes the "insured premises," which is the residence and associated grounds or premises used in connection with the insured premises. The incident took place adjacent to Simpson's home, 400 yards from Morton's residence, and there is no evidence that it occurred on grounds associated or used in connection with Morton's residence. Therefore, exception (2) does not apply.

Exception (4) is not restricted to an incident on the "insured location." It states that the entrustment exclusion does not apply to "a vehicle or conveyance not subject to motor vehicle registration which is . . . used to service an insured's residence." Was the ATV a vehicle used to service Morton's residence?

The ATV was used for children's recreation and to scout Morton's agricultural fields. Children's recreational use of the ATV is not service of Morton's residence pursuant to exception (4). Recreational use may be a benefit to the insured, but for the exception to apply the recreational benefit must be related to the residence. Under these facts, any such benefit was not related to the residence. Nor does use of the ATV to scout Morton's agricultural fields have a nexus to his residence, so exception (4) does not apply.

Farm Bureau also denies coverage under the policy because it claims the ATV was "subject" to motor vehicle registration, although it was not registered, and because Huncke is not an "insured" under the terms of the policy. Because we have found that the policy excludes coverage for Simpson's injuries on other grounds, we do not

---

[2] (Citations and punctuation omitted.) *Atlantic Wood Indus. v. Lumbermen's Underwriting Alliance*, 196 Ga. App. 503, 505 (2) (396 SE2d 541) (1990).

need to address other policy coverage issues raised by Farm Bureau.

Simpson's injuries arose out of Morton's entrustment of his ATV to Huncke, and the policy excluded coverage for those injuries absent an applicable exception. The trial court erred when it denied Farm Bureau's motion for summary judgment because the policy excludes coverage for a claim arising out of the facts in this record.

*Judgment reversed. Barnes and Ellington, JJ., concur.*

DECIDED NOVEMBER 1, 1999.

*Brown & Livingston, Joseph H. Cowart*, for appellants.
*Calvin A. Rouse*, for appellees.