A00A0782. BARNES v. GREATER GEORGIA LIFE INSURANCE COMPANY.
(530 SE2d 748)

JOHNSON, Chief Judge.

Leila Barnes sued Greater Georgia Life Insurance Company when it failed to pay accidental death benefits under her son's life insurance policy. Greater Georgia Life moved for summary judgment, contending accidental death benefits were excluded because the deceased was killed while driving under the influence of alcohol. The trial court granted Greater Georgia Life's motion for summary judgment, and Barnes appeals. Because driving under the influence of alcohol is a crime which falls within the exclusion in the group policy at issue, we affirm.

The facts in the present case are undisputed. James Ford was insured under a group life insurance policy issued by Greater Georgia Life, and Barnes was the named beneficiary of the life insurance policy. While driving, Ford began to swerve and then drive on the wrong side of the road. Despite attempts from another motorist to flash his lights and warn Ford he was on the wrong side of the road, Ford continued and collided head-on with a car being driven in the opposite direction. Ford was killed. Blood and urine samples drawn at the hospital indicated a blood alcohol level of 0.27 grams and the presence of marijuana in Ford's blood.

Greater Georgia Life paid Barnes life insurance proceeds under the policy. However, it refused Barnes' request for an equal additional sum of proceeds under the accidental death provision of the policy. This denial was based on language in the accidental death portion of the policy which states: "The Insurer will not pay for any loss caused directly or indirectly, wholly or partly, by: . . . committing, or attempting to commit a crime." Barnes contends the trial court erred in applying this exclusion and granting summary judgment to Greater Georgia Life.

1. Barnes argues that the trial court erred in granting Greater Georgia Life's motion for summary judgment because a question of

material fact exists regarding whether the "crime" exclusion in the life insurance policy is ambiguous. We disagree.

The construction of an insurance contract is a matter of law for the court.[1] When an exclusion is unambiguous and capable of but one reasonable construction, the trial court must expound the contract as made by the parties.[2] "Courts have no more right by strained construction to make an insurance policy more beneficial by extending the coverage contracted for than they would have to increase the amount of coverage."[3]

The word "crime" is unambiguous. "Ambiguity is duplicity, indistinctness, an uncertainty of meaning or expression. A word or phrase is ambiguous when it is of uncertain meaning and may be fairly understood in more ways than one."[4] Since the word "crime" is plain and obvious, it must be given its literal meaning.

"A 'crime' is a violation of a statute of this state in which there is a joint operation of an act or omission to act and intention or criminal negligence."[5] The plain and ordinary meaning of the word "crime" includes any violation of the law for which punishment may be imposed.[6] While Barnes cites a Sixth Circuit case finding the word "crime" ambiguous because the insured is more likely to understand the word to mean burglary, armed robbery or murder than drunk driving,[7] we are not persuaded by this case. Having selected and received the benefits of a group policy, Ford must therefore be bound by its terms.[8]

2. Barnes next contends that the trial court erroneously granted the insurance company's motion for summary judgment because there is a question of material fact concerning whether Ford's acts constitute a crime in the context of the life insurance policy. We find no error.

Based on the undisputed evidence, Ford violated OCGA § 40-6-391 (a) (5) when he drove his car with a blood alcohol level of 0.27 grams. The violation of this statute is a crime. Moreover, the Supreme Court of Georgia has previously held: "The notice that driving under the influence of alcohol is a crime is adequate."[9] And this court has previously held that driving under the influence of alcohol

---

[1] *Jenkins v. Lanigan*, 196 Ga. App. 424, 425 (1) (396 SE2d 28) (1990).

[2] *Jefferson Pilot Life Ins. Co. v. Clark*, 202 Ga. App. 385, 388 (2) (414 SE2d 521) (1991).

[3] (Citation omitted.) *Burnette v. Ga. Life &c. Ins. Co.*, 190 Ga. App. 485 (1) (379 SE2d 188) (1989).

[4] (Citations and punctuation omitted.) *Jefferson Pilot, supra* at 387 (2).

[5] OCGA § 16-2-1.

[6] See American Heritage Dictionary of the English Language (3rd ed. 1996), p. 441; Merriam Webster's Collegiate Dictionary (10th ed. 1993), p. 274.

[7] *American Family Life Assurance Co. v. Bilyeu*, 921 F2d 87 (6th Cir. 1990).

[8] *Jefferson Pilot, supra* at 388.

[9] *Head v. State*, 246 Ga. 360, 362 (3) (271 SE2d 452) (1980).

is a crime of general, not specific, intent; the only intent required is proof of the commission of the act itself.[10] Thus, it is clear that driving under the influence of alcohol is a crime and that one who commits it can reasonably foresee that he will bear the consequences of a crime. The trial court did not err in granting Greater Georgia Life's motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED MARCH 9, 2000 —
RECONSIDERATION DENIED MARCH 27, 2000.

*Adams & Jordan, Donald J. Jordan, Cedric B. Davis*, for appellant.
*Michael R. Hurst*, for appellee.

---

[10] *Prine v. State*, 237 Ga. App. 679, 680 (2) (a) (515 SE2d 425) (1999).
[1] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).