A01A0254. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. MEYERS et al.
(548 SE2d 67)

ELDRIDGE, Judge.

Georgia Farm Bureau Mutual Insurance Company brought a declaratory judgment action to determine coverage in an underlying tort action, *Meyers v. Clarke Cattle Co.*, docketed in Jenkins Superior Court, Civil Action No. 1J98CV029W, because the tort occurred away from the insured location and to an excluded employee. Georgia Farm Bureau insured Clarke Cattle Company, and Jimmy Meyers was Clarke Cattle Company's employee, although not a resident employee within the terms of the policy. The policy contained an exclusion for bodily injuries sustained by "any employee (other than a resident employee) as a result of his or her employment by the insured." The policy also contained the endorsement "Custom Farming Liability Coverage" that stated, "[e]xclusion h does not apply," but that "all other provisions of this policy apply." The trial court denied Georgia Farm Bureau's motion for summary judgment because there was an ambiguity in the endorsement language, "all other provisions of this policy apply," and the endorsement expanded coverage so that the policy covered "any custom farming operations performed" by the insured. The trial court granted summary judgment to the defendants, finding coverage. We affirm.

On July 15, 1997, Meyers was injured while an employee of Clarke Cattle Company acting within the scope of his employment when struck by a wooden pole that was knocked into him by power equipment operated by Robert Jenkins, Jr. In the policy the "insured location" was 954 Highway 23 North, Millen, where Clarke Cattle Company was located, but the injury occurred elsewhere at the John Brett farm; Meyers was working for Brett under an agreement between Clarke Cattle Company and Brett to "swap work for work" or payment, as was needed or required by the kind of work done.

Georgia Farm Bureau contended that farm work away from the covered location did not come within the policy. However, the endorsement "Custom Farming Liability Coverage" provided:

Coverage for Bodily Injury and Property Damage Liability and Medical Payments is extended to apply to any custom farming operations performed by you for others for a charge. Such custom farming operations include the operation,

maintenance, use, loading or unloading of farm tractors, trailers, implements, draft animals or vehicles you use while under contract. Exclusion h of Coverage H does not apply. . . . All other provisions of this policy apply.

Under "Farm Liability Coverage Part H, I, J, and L," custom farming is defined to "mean farming for others for a charge."

The exclusion "p" relied upon by Georgia Farm Bureau, "Coverage H-Bodily Injury and Property Damage Liability," excludes injury sustained by: "[a]ny employee (other than a resident employee) as a result of his or her employment by the insured."

The policy had a second endorsement, "Farm Employers Liability and Farm Employees Medical Payment Insurance," which covered farm employees' injuries arising out of and in the course of their employment. The exclusion to this endorsement states that the insurance does not apply to: "[b]odily injury sustained by any farm employee unless the employee brings suit no later than 24 months after the date of the accident for damages because of the bodily injury." The trial judge found that, when these two endorsements were read together, there was ambiguity in the policy as to whether employees had liability coverage.

Georgia Farm Bureau contends that the trial court erred in denying its motion for summary judgment and in granting the defendants' motion by finding that an ambiguity was created in the policy by the custom farming and medical coverage endorsements so that the exclusions did not apply to custom farming.

The endorsement for medical coverage contemplates coverage of all employees; when an employee was employed in custom farming under that endorsement, the medical coverage of employees would extend to a situs beyond the insured location. While the custom farming endorsement provides that "all other provisions of this policy apply," when construed with the medical coverage endorsement and exclusion "p," the insurance policy is unclear and ambiguous. Whether the employee is covered for liability while engaged in custom farming, but excluded at the insured location only, or whether the employer only is insured at either location, with the employee excluded at all locations constitutes an ambiguity when the medical endorsement provides coverage at all locations.

The insured and the employees have familiarity with the risks and dangers inherent in the operation of the insured's farm location, but lack equal familiarity with any custom farming location. Therefore, the difference in coverage, with an exclusion at the insured location, but not an exclusion at the custom farming location, would be reasonable because of the different risks of injury from negligence over which the insured and the employee have less control and famil-

iarity. Thus, the contract should be construed to mean what a reasonable person in the insured's position would understand the terms to mean. *Ga. Farm &c. Ins. Co. v. Huncke*, 240 Ga. App. 580-581 (524 SE2d 302) (1999). This means that the contract must be construed in accordance with the reasonable expectations of the insured. *Anderson v. Southern Guaranty Ins. Co. &c.*, 235 Ga. App. 306, 309 (508 SE2d 726) (1998).

To determine the insurer's extent of liability under a policy of insurance, a consideration must be made of all those essential provisions which fix, create, limit, or enlarge liability. *Fisher v. American Cas. Co.*, 194 Ga. 157, 159 (21 SE2d 68) (1942). The insurer, in preparing the language of its policy, has the burden of using language that is clear and precise. *Travelers Indem. Co. v. Whalley Constr. Co.*, 160 Ga. App. 438, 440 (287 SE2d 226) (1981). Where the terms and conditions of an insurance contract are clear and unambiguous, such terms must be given their literal meaning. *Adams v. Atlanta Cas. Co.*, 235 Ga. App. 288, 289 (1) (509 SE2d 66) (1998).

Ambiguity in an insurance contract is duplicity, indistinctiveness, uncertainty of meaning of expression, and words or phrases which cause uncertainty of meaning and may be fairly construed in more than one way. *Allstate Ins. Co. v. Grayes*, 216 Ga. App. 419, 422 (3) (454 SE2d 616) (1995). Where a term of a policy of insurance is susceptible to two or more constructions, even when such multiple constructions are all logical and reasonable, such term is ambiguous and will be strictly construed against the insurer as the drafter and in favor of the insured. OCGA § 13-2-2 (5); *Ga. Farm &c. Ins. Co. v. Huncke*, supra at 580; *Peachtree Cas. Ins. Co. v. Kim*, 236 Ga. App. 689, 690 (512 SE2d 46) (1999); *Cole v. Life Ins. Co. &c.*, 236 Ga. App. 229 (511 SE2d 596) (1999). Where the phrasing of the policy is so confusing that an average policyholder cannot make out the boundaries of coverage, the policy is genuinely ambiguous. *Ga. Baptist Children's Homes &c. v. Essex Ins. Co.*, 207 Ga. App. 346, 347 (1) (427 SE2d 798) (1993).

Exceptions and exclusions to coverage must be narrowly and strictly construed against the insurer and liberally construed in favor of the insured to afford coverage. *Nationwide Mut. Fire Ins. Co. v. Erwin*, 240 Ga. App. 816, 817 (525 SE2d 393) (1999); *Furgerson v. Cambridge Mut. Fire Ins. Co.*, 237 Ga. App. 637, 639 (1) (516 SE2d 350) (1999). While insurance is a matter of contract, not sympathy, the policy is to be construed liberally in favor of the object to be accomplished. *Cincinnati Ins. Co. v. Gwinnett Furniture Mart*, 138 Ga. App. 444, 446 (226 SE2d 283) (1976); *Moore v. Allstate Ins. Co.*, 108 Ga. App. 60 (1) (131 SE2d 834) (1963). A contract of insurance is construed most strongly against the insurer and liberally in favor of the insured, particularly where the insurer seeks to deny coverage

based upon a policy exclusion. *Hartford Life Ins. Co. v. Crumbley*, 169 Ga. App. 847, 849 (315 SE2d 54) (1984); *Travelers Indem. Co. v. Whalley Constr. Co.*, supra at 438. Thus, the trial court properly construed the contract to provide coverage.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED APRIL 20, 2001 ▮▮▮▮▮▮▮

*Brennan, Harris & Rominger, Mason White, James D. Kreyenbuhl*, for appellant.

*Russell M. Stookey, James W. Brown*, for appellees.