A09A0331. MASON et al. v. ALLSTATE INSURANCE COMPANY.
(680 SE2d 168)

ELLINGTON, Judge.

Brick and Pam Mason and their minor daughter, Amy Stowers (collectively, "the Masons"), appeal from the trial court's grant of summary judgment to Allstate Insurance Company in this declaratory judgment action arising from a personal injury claim. Amy Stowers was injured when she was thrown off of the back of an all-terrain vehicle ("ATV"), which was owned by friends of the

---

Masons, Werner and Deborah Kralick, and which she had been riding with the Kralicks' daughter. The Masons contend that the trial court erred in finding, as a matter of law, that an Allstate homeowners insurance policy issued to the Kralicks does not cover Amy Stowers' injuries. For the following reasons, we affirm.

> This Court's review of the grant or denial of summary judgment is de novo in order to determine whether any genuine issue of material fact exists for resolution by a jury. To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law pursuant to OCGA § 9-11-56 (c). A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. The burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

(Punctuation and footnotes omitted.) *McCullough v. Reyes*, 287 Ga. App. 483, 484 (651 SE2d 810) (2007). Viewed in this light, the evidence shows the following undisputed facts.

Allstate Insurance Company issued a Deluxe Plus Homeowners policy to the Kralicks (hereinafter, "the insureds"), covering the insureds' residence in Hampton. On September 10, 2005, while the insurance policy was in effect, the insureds held a birthday party for their 16-year-old daughter, Sarah, at a field located approximately 15 miles from the insureds' home. The insureds had previously used the field with the owner's permission to ride the family's ATV and to fish and hunt. The insureds had no ownership or leasehold interest in the field, however, and had never paid any money to use the property. On the day of the birthday party, Sarah Kralick and Amy Stowers were riding the ATV in the field when Sarah lost control of the ATV and the girls were thrown from the vehicle. Both girls were injured in the accident, and their families submitted claims to Allstate under the insureds' homeowners policy.

On November 3, 2005, Allstate sent a letter to the insureds explaining that their policy covered motor vehicles when they are

used exclusively on an insured premises, but not all-terrain vehicles when they are used away from an insured premises. The letter also notified them that the company was reserving all rights and defenses under the policy while it conducted an investigation of the claims. On January 18, 2006, Allstate filed the instant declaratory judgment action, asking the trial court to determine whether the claims were covered by the policy and whether Allstate had a duty to indemnify or defend the insureds against the claims. Following a hearing, the trial court granted Allstate's motion for summary judgment, finding that, under the insureds' policy, Allstate did not have a duty to provide coverage, a defense, or indemnification for claims arising out of the September 2005 accident as a matter of law.

1. The Masons appeal from this ruling,[1] contending that the relevant provisions of the insurance policy are ambiguous and that the trial court erred in finding, as a matter of law, that the insureds' homeowners insurance policy excluded coverage for Amy Stowers' injuries, arguing that issues of material fact remain for jury resolution.

(a) The determination of whether an insurance contract is ambiguous and, if so, the construction of the contract is a matter of law for the court. *Barnes v. Greater Ga. Life Ins. Co.*, 243 Ga. App. 149, 150 (1) (530 SE2d 748) (2000).

> When an exclusion is unambiguous and capable of but one reasonable construction, the trial court must expound the contract as made by the parties. Courts have no more right by strained construction to make an insurance policy more beneficial by extending the coverage contracted for than they would have to increase the amount of coverage.

(Punctuation and footnotes omitted.) Id. "If the wording of a contract provision is ambiguous, however, the court must apply the rules of contract construction to resolve the ambiguity." (Footnote omitted.) *Certain Underwriters at Lloyd's of London v. Rucker Constr.*, 285 Ga. App. 844, 848 (2) (648 SE2d 170) (2007). See OCGA § 13-2-2 (rules for interpretation of contracts).

> In construing an insurance policy, the test is not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would understand them to mean. The policy should be read as a layman would read it and not as it might be analyzed by an insurance expert or an attorney.

---

[1] The insureds are not parties to this appeal.

(Footnote omitted.) *Ga. Farm Bureau Mut. Ins. Co. v. Huncke*, 240 Ga. App. 580, 580-581 (524 SE2d 302) (1999).

> Finally, if the ambiguity remains after applying the rules of construction, the issue of what the ambiguous language means and what the parties intended must be resolved by a jury. An ambiguity is duplicity, indistinctness, an uncertainty of meaning of expression, and a word or phrase is ambiguous when it is of uncertain meaning and may be fairly understood in more ways than one. Where a term of a policy of insurance is susceptible to two or more constructions, even when such multiple constructions are all logical and reasonable, such term is ambiguous and will be strictly construed against the insurer as the drafter and in favor of the insured. Where the phrasing of the policy is so confusing that an average policyholder cannot make out the boundaries of coverage, the policy is genuinely ambiguous.

(Punctuation and footnotes omitted.) *Certain Underwriters at Lloyd's of London v. Rucker Constr.*, 285 Ga. App. at 848 (2).

(b) The insurance policy at issue contains the following provisions. Under "Section II — Family Liability and Guest Medical Protection," the policy excluded coverage for bodily injury[2] arising out of the ownership or use of "any motor vehicle designed principally for recreational use off public roads" when "that vehicle is owned by an insured person and *is being used away from an insured premises*[.]" (Emphasis supplied.) The policy defined "[i]nsured premises" as "the residence premises"[3] as well as "any premises used by an insured person *in connection with the residence premises*[.]" (Emphasis supplied.)

(c) It is undisputed that the ATV at issue in this case was a motor vehicle designed principally for recreational use off public roads and that the insureds owned the ATV. It is also undisputed that the incident did not occur at the insureds' "residence premises," on property they owned or leased, on property on which they had an easement, on roads or property that were adjacent to their residence, or on roads or property surrounding their home that were necessary for their ingress or egress or were otherwise necessary for the enjoyment of their home.

The parties dispute, however, whether the ATV was being used

---

[2] Although this exclusion also applies to claims for damage to property, the Masons have not asserted a claim for any property damage.

[3] "Residence premises" was defined as "the dwelling, other structures and land located at the address stated on the Policy Declarations[.]"

"away from an insured premises" at the time of the accident. The resolution of this issue depends on whether the field fell under the policy's alternate definition of an "insured premises," i.e., whether the field was a "premises used by an insured person *in connection with* the residence premises." According to the Masons, the phrase "used . . . in connection with the residence premises" is ambiguous, so a jury must decide whether the field was an "insured premises" under the policy.

(d) There is no Georgia case law that has ruled on whether the phrase "any premises used by an insured person in connection with the residence premises" is ambiguous when used in an insurance policy. There are two Georgia cases, however, which provide significant guidance on the issues presented in this case. Moreover, there are numerous cases from other jurisdictions in which courts have determined, as a matter of law, whether certain property was covered by insurance policies with the same, or very similar, language as that at issue here. As shown below, in cases that presented strikingly similar facts to the instant case, this Court and other state and federal courts have almost universally ruled that the policies excluded the properties on which the injuries occurred.

For example, in *Ga. Farm Bureau Mut. Ins. Co. v. Huncke*, 240 Ga. App. at 580, the insured homeowner allowed a 14-year-old girl to ride his ATV in a field next to his home. The girl lost control of the ATV, crashed into a parked car about 400 yards from the insured's home, and injured a woman in the car. Id. The woman sued the insured, whose insurance policy provided coverage for an ATV when it is "owned by an insured and [used] on an insured location." Id. at 581. The policy defined "insured location" as including the insured's residence and "premises used in connection with the insured premises." Id. Although this Court's opinion did not explicitly construe the phrase "in connection with" the insured's residence, we concluded that the policy did not cover the woman's injuries, because the record showed that the incident took place 400 yards from the insured's residence on property he did not own and there was no evidence in the record that the property was "associated [to] or used in connection with" the insured's residence. Id. at 581-582.

Similarly, in *McCullough v. Reyes*, 287 Ga. App. at 484, the insureds owned property on which they had their home and, approximately 200 yards away, a rental house that they leased to relatives. The insureds visited the relatives every day, assisted the relatives with finances and healthcare, and stored some of the relatives' furniture in their basement. Id. at 485. In addition, although the houses had separate addresses, they shared a mailbox. Id. at 490 (3). In 2004, a 14-year-old boy visiting the relatives at the rental house died after someone shot him with a gun that one of the relatives had

left loaded and accessible. Id. at 485. The boy's parents filed a wrongful death suit against the relatives and the insureds. Id. at 483. As in the instant case, the insureds' homeowners policy defined "insured location" as the insureds' "residence premises" and "any premises used by you in connection with the [residence] premises[.]" Id. at 491 (4). This Court held that, under the circumstances presented and the plain language of the policy, the rental house was not an "insured location" under the policy. Id.

Other jurisdictions which have considered the same or very similar policy language presented in this case under comparable facts have reached the same conclusions. For example, in *Illinois Farmers Ins. Co. v. Coppa*, 494 NW2d 503 (Minn. App. 1992), an insured homeowner allowed a teenager to ride an ATV in a hayfield adjacent to his property, and the teenager was injured when the ATV overturned. Id. at 504. The insurance policy provided coverage for an ATV when used on the "insured location," which was defined as the insured's residence and "[a]ny premises used by you in connection with" the insured's residence. Id. at 505. The Court of Appeals of Minnesota held that, under the circumstances presented, the policy did not cover the teenager's injuries because "the neighbor's hayfield was not used in connection with the residence premises." (Punctuation omitted.) Id. at 506 (I). In addition, the Court found that the policy's definition of "insured location" was not ambiguous. Id. at 506 (II). The Court concluded that

> "insured location" was not meant to describe adjacent, non-owned land on which an ATV might be used. The hayfield is not part of the residence premises and is not "used in connection with" such premises *as are approaches or easements of ingress to or egress from the property*. It is not reasonable to expect that every field or pathway in the neighborhood leading to the insureds' residence is property "used in connection with" the residence.

(Emphasis supplied.) Id.

Further, in a case in which there was arguably much more of a connection between the insured premises and the site of the accident than presented in the instant case, the federal district court in Oregon found that there was no coverage. In *Safeco Ins. Co. v. Clifford*, 896 FSupp. 1032, 1034 (Or. 1995), the insured's son was driving the family's ATV on property adjacent to the family's home and pulling his cousin on a sled attached to the back of the ATV, which resulted in injuries to the cousin. The insurance policy covered bodily injuries resulting from the use of a recreational motor vehicle when the injuries occur "on an insured location." Id. at 1034. As in

the instant case, the policy defined "[i]nsured location" to include "any premises used by [the insured] in connection with the [residence] premises." Id. The insureds argued that, although one of their relatives owned the adjacent property, their family used the relative's yard "in connection with" their residence because they used the property for recreation, storing furniture and firewood, burning garbage, loading and unloading livestock and equipment, and other chores. Id. at 1034-1036 (A), (B). Even so, the Court found that these facts were not sufficient to transform the relative's property into an "insured location" under the policy. Id. at 1036 (B).[4]

Therefore, after considering the language of the policy in this case, the policy as a whole, the undisputed facts, and the persuasive authority on this issue, we conclude that the record supports a finding that, at the time of Amy Stowers' injuries, the field was not being used "in connection with" the insureds' property and, therefore, was not an "insured premises" under the policy. Thus, the trial court did not err in granting Allstate summary judgment.

(e) Moreover, the Masons' argument that they were using the field "in connection with" their home because they were holding their daughter's birthday party at the field so family members and guests could do activities that they were unable to do at the house is unavailing. Applying that logic would extend the policy's definition of "insured premises" to cover almost *any* family outing or celebration at almost *any* location — a friend's pool, a neighborhood school, a public or private lake or park, etc. — regardless of the distance from or any actual connection with the insureds' residence. Further, if the policy were construed as suggested, insurers would be subjected to virtually endless liability, liability for which neither it nor

---

[4] See also *Mass. Property Ins. Underwriting Assn. v. Wynn*, 60 Mass. App. Ct. 824 (806 NE2d 447) (2004) (insurance policy providing coverage for an ATV when owned by the insured and driven on "[a]ny premises used . . . in connection with the [insured's] residence" did not cover an accident that occurred on property which was adjacent to and approximately 500 feet from the residence, even though the insured regularly rode the ATV on the property); *Hanson v. North Star Mut. Ins. Co.*, 71 FSupp.2d 1007 (S. Dk. Cent. Dist. 1999) (insurance policy providing coverage for an ATV when driven on any "premises used by [the insured] in connection with the described location" did not cover an accident that occurred on property which was near the insured's residence but was not owned or controlled by the insured); *Jones v. Horace Mann Ins. Co.*, 937 P2d 1360 (Alaska 1997) (insurance policy providing coverage for a snowmobile when driven on any "premises used by [the insured] in connection with the described location" did not cover an accident that occurred on a public road, four-tenths of a mile from the insured's residence); cf. *Erie Ins. Exchange v. Szamatowicz*, 164 N.C. App. 748 (597 SE2d 136) (2004) (insured held a birthday party with between 100 and 150 guests at a warehouse that he had subleased for the event and that was located approximately 20 miles from his home; a fire erupted during the party, injuring two women; the Court held that the warehouse was an "insured location" under the homeowner's policy because it was a "more appropriate area for an activity that normally would have taken place at his residence" and, thus, was being used "in connection with" the insured's residence at the time of the party).

the insureds could have reasonably expected or intended to be covered by the insurance policy. Under such circumstances, how could any insurer possibly draft a policy that would anticipate each and every hobby, interest or future travel decision of each and every insured, weigh the risks thereof, and set premiums accordingly?

The Court of Appeals of Massachusetts addressed similar concerns in *Mass. Property Ins. Underwriting Assn. v. Wynn*, 60 Mass. App. Ct. 824, 829, n. 7 (806 NE2d 447) (2004). In *Wynn*, an insured was riding his ATV on a beach less than 500 feet from his home when he collided with another ATV rider, injuring the second rider. Id. The insurance policy provided coverage for an ATV when it was owned by the insured and used "on an insured location," which was defined as the insured's residence and "[a]ny premises used . . . in connection with" the insured's residence. Id. at 826-829 (1)-(3). The court held that, even though the insured's family regularly rode the ATV on the beach, the beach was not an "insured location" that was used "in connection with" the insured's residence. Id. at 829. According to the court, if it adopted the more expansive view of an "insured location," it

> would render the definition of "insured location" meaningless and provide no discernible geographical limit to coverage. The term "insured location" and its accompanying reference to "any premises used . . . in connection with" the residence premises is circumscribed by an obvious and necessary geographic limitation. The definition is not meant to encompass adjacent, nonowned land on which an ATV might be used *any more than it is intended to include parks or recreational facilities in proximity to the residence that the insured may enjoy and use regularly. Such locations are neither intended nor reasonably understood to be "insured locations" under a homeowner's policy.* It is not reasonable that the meaning of the language "used in connection with the residence," and hence the ambit of the "insured location," should vary depending on the fortuity of an insured's regular use of a field, trail, or recreational area, public or private, in the neighborhood of his residence. *Such a construction would require knowledge by an insurer of not only the insured's property but also of neighboring property and the insured's hobbies and interests.* Rather, the term "insured location" is intended and appropriately understood to be limited to the residence and premises integral to its use as a residence.

(Citations, punctuation and footnotes omitted; emphasis supplied.)

316

Id. at 829-830 (3).

Although the Massachusetts court suggested that, in order for a property to qualify as a premises used "in connection with" an insured location under the policy, it must be "integral" to the use of the residence premises, we do not need to decide whether there is an implicit and equally severe limitation to the phrase in this case. Instead, even utilizing a more expansive view of the phrase, such as whether the property was adjacent to the "insured premises" or was owned or leased by the insureds, the site of the accident still does not qualify as an "insured premises" under the facts of this case.

(f) Finally, although the Masons contend that the birthday party was held "in connection with" their home because they went to the party from the home and returned home afterward, the same can be said for *any* outing by *any* family member at *any* time.

The Supreme Court of Alaska rejected a similar argument in *Jones v. Horace Mann Ins. Co.*, 937 P2d 1360 (Alaska 1997), wherein the insured's child struck another child while operating a snowmobile. Id. at 1361 (II). The accident occurred on a public road, four-tenths of a mile from the insured's residence. Id. The insurance policy covered bodily injuries resulting from the use of a recreational motor vehicle when the injuries occur "on the insured premises." Id. at 1362 (III) (B) (1). The policy defined "[i]nsured premises" to include "premises used by [the insured] in connection with the described location." Id. The injured child's parents argued that the accident occurred on property the insured used "in connection with" his residence because the insured's family regularly used the land immediately adjacent to the accident scene for snowmobiling, and the snowmobiling always started and ended at the insured's house. Id. at 1363 (III) (B) (1). The Court held that the land used by the insured for snowmobiling could not be reasonably viewed as "premises used in connection with" their property," and stated that "[a] construction of the relevant provisions that included coverage for an accident occurring on a public road, four-tenths of a mile from the [insured's] residence, would be contrary to the intent and reasonable expectations of both the insurer and the insured." Id. at 1364 (III) (B) (1). According to the Court, if the child's parents' arguments were accepted, "there would be no 'logical geographical limit' to coverage under the homeowners' policy." (Citation omitted.) Id. at 1363-1364 (III) (B) (1).

We agree and conclude that the Masons' argument lacks merit.

2. The Masons also contend that the trial court erred in implicitly finding that the policy's provisions were not ambiguous. This issue is moot, however, in light of our decision in Division 1, supra. As shown above, when considering the language of the entire policy and the exclusion at issue, as well as the undisputed facts and

the persuasive authority, the policy clearly does not cover the injuries at issue in this case.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JUNE 12, 2009.

*Smith, Welch & Brittain, John P. Webb, Andrew J. Gebhardt,* for appellants.

*Carlock, Copeland & Stair, Frederick M. Valz III, Erica L. Parsons,* for appellee.

*Beck, Owen & Murray, Charles D. Jones,* amicus curiae.