# STATE OF MICHIGAN

# COURT OF APPEALS

MEEMIC INSURANCE COMPANY,

Plaintiff-Appellant,

v

BARBARA JANE BISCHER, Individually and as
Next Friend of BAILEY JAMES BISCHER, a
Minor, GARY DUANE BISCHER, and
JACQUELINE G. BRAUN, Personal
Representative of the ESTATE OF BRANDON
MICHAEL DICKERT,

Defendants-Appellees.

FOR PUBLICATION
February 13, 2018
9:05 a.m.

No. 335126
Huron Circuit Court
LC No. 16-105387-CK

Before: METER, P.J., and SAWYER and SHAPIRO, JJ.

SAWYER, J.

We are faced with the question whether an "insured premises" under a homeowner's policy includes property regularly used with permission, but not owned or resided in, by an insured where a definition of "insured premises" includes "any premises used" by an insured "in connection with" the insured's "residence premises." We conclude that it does not.

The basic facts relevant to this appeal are not in dispute. Brandon Dickert was killed while riding on an all-terrain vehicle (ATV) operated by Bailey Bischer and owned by Bailey's parents, Barbara and Gary Bischer. Dickert's estate filed suit against the Bischers, alleging negligence. The Bischers were insured under a homeowners policy issued by plaintiff. Plaintiff filed this declaratory judgment action seeking a determination that it was not obligated to indemnify or defend the suit.

At issue is the following exclusion under the policy, as well as the exception to the exclusion:

**We** do not cover:

* * *

6. **bodily injury** or **property damage** arising out of:

-1-

A. the ownership, maintenance, occupancy, use, renting, loaning, loading or unloading of *any motorized land vehicle* or trailer;

B. the entrustment by you of a motorized land vehicle to any person.

*This exclusion does not apply to*:

A. a motorized land vehicle in dead storage or used exclusively on an **insured premises;**

B. *any motorized land vehicle which is designed principally for recreational use off public roads, not subject to motor vehicle registration, licensing or permits, and owned by* **you***, but only while the vehicle is on the* **insured premises.** [Emphasis added.]

It is not disputed that the ATV is a "motorized land vehicle" under the policy that is designed "for recreational use off the public roads". Thus, the exception under paragraph "B" above would apply if the ATV was being operated on the insured premises. That becomes the essential question in this case.

The accident did not occur on the Bischers' property. Rather, Bailey and Brandon were riding on trails on a neighboring property. According to Gary Bisher's deposition testimony, the Bischers own 18 acres with a large wooded area. Trails wind through the property, as well as through the property of other neighbors. According to the deposition testimony, the residents routinely use the trails on each other's properties.[1] The accident occurred on the property of a neighbor located across the street from the Bischers' residence.

Thus, to resolve this case we must turn to the policy's definition of "insured premises." The definition in relevant part is as follows:

"**INSURED PREMISES**" means:

1. *the* **residence premises***;*

2. that part of any other premises, other structures and grounds used by **you** as a residence and which is specifically named in the Declarations or acquired by **you** during the policy period for **your** use as a residence, but only for a period of 90 days from the date **you** acquire the property; [or]

3. *any premises used by* **you** *in connection with a premises included in 1. and 2. above*[.] [Emphasis added.]

---

[1] Apparently there is one neighbor that does not allow access to his property, but that is not relevant here.

Furthermore, "residence premises" is defined as "the one or two family dwelling structures *and land* located at the address named on the Declarations" (emphasis added). Accordingly, coverage exists under the policy for this accident if the accident occurred on a premises used "in connection with" the residence premises; otherwise, the exclusion will apply.

The parties filed cross motions for summary disposition. Plaintiff maintained that there was no coverage because the accident did not occur on the Bischers' property. Defendants argued that, because the trails were routinely used by all of the neighbors, the accident site was used in connection with the residence premises and, therefore, was part of the "insured premises." The trial court agreed with defendants and granted summary disposition in their favor. Plaintiff now appeals. The standard of review for this case was summarized by the Supreme Court in *DeFrain v State Farm Mut Auto Ins Co*[2]:

> A trial court's decision on a motion for summary disposition is reviewed de novo. In reviewing the motion, we view the pleadings, affidavits, depositions, admissions, and other admissible evidence in the light most favorable to the nonmoving party. In addition, the proper interpretation of contracts and the legal effect of contractual provisions are questions of law subject to review de novo. We construe an insurance policy in the same manner as any other species of contract, giving its terms their "ordinary and plain meaning if such would be apparent to a reader of the instrument." [Footnotes omitted.]

While there are a number of published cases in other jurisdictions interpreting similar policy provisions, there do not appear to be any published cases in Michigan that do so. As for the decisions in other jurisdictions, as the Connecticut Supreme Court observed in *Arrowood Indemnity Co v King*,[3] "courts in other jurisdictions have adopted divergent criteria—including 'repeated use,' 'integral use,' 'property ownership and legal right to use,' 'foreseeable use' and 'actual use'—to determine whether a location is used in connection with the residence premises." (Footnotes omitted.)

Defendants would have us focus more on the "repeated use" with "implied permission" by the neighbors of the trails. Defendants maintain that plaintiff's focus on whether there was "ownership and legal right to use" reads language into the policy that is not there. But defendants' proposed interpretation ignores the effect of the word "connection" in the language. That is, the mere fact of "repeated use" does not take into account whether there truly is a connection between the residence premises and the location of the accident.

---

[2] 491 Mich 359, 366-367; 817 NW2d 504 (2012).

[3] 304 Conn 179, 191-192; 39 A3d 712 (2012).

The Minnesota Court of Appeals, in *Illinois Farmers Ins Co v Coppa*,[4] concluded there was no use in connection with the residence premises where an ATV accident occurred in a neighbor's hayfield. The Court concluded as follows:

> When examining all the provisions of the policy together, and in particular the nine specifications included in the definition of the "insured location," we are compelled to conclude that "insured location" was not meant to describe adjacent, non-owned land on which an ATV might be used. The hayfield is not part of the residence premises and is not "used in connection with" such premises as are approaches or easements of ingress to or egress from the property. It is not reasonable to expect that every field or pathway in the neighborhood leading to the insureds' residence is property "used in connection with" the residence. We hold that the trial court did not err in finding that coverage was precluded under the policy.

Similarly, the court in *Mason v Allstate Ins Co*,[5] where an ATV was being operated in a field located 15 miles from the residence premises, rejected the argument that it was used "in connection with" the residence premises:

> Moreover, the Masons' argument that they were using the field "in connection with" their home because they were holding their daughter's birthday party at the field so family members and guests could do activities that they were unable to do at the house is unavailing. Applying that logic would extend the policy's definition of "insured premises" to cover almost *any* family outing or celebration at almost *any* location-a friend's pool, a neighborhood school, a public or private lake or park, etc.--regardless of the distance from or any actual connection with the insureds' residence. Further, if the policy were construed as suggested, insurers would be subjected to virtually endless liability, liability for which neither it nor the insureds could have reasonably expected or intended to be covered by the insurance policy. Under such circumstances, how could any insurer possibly draft a policy that would anticipate each and every hobby, interest or future travel decision of each and every insured, weigh the risks thereof, and set premiums accordingly?

In reaching this analysis, the *Mason* court also analyzed earlier decisions that presented even closer connections and still rejected the argument that the property was used in connection with the residence premises. For example, one of the cases included an insured using an adjacent property for storing items, burning garbage, and other chores.[6]

---

[4] 494 NW2d 503 (Minn App, 1993).

[5] 298 Ga App 308, 314; 680 SE2d 168 (2009).

[6] *Id.*

In *Massachusetts Property Ins Underwriting Ass'n v Wynn,*[7] the court found no connection with the residence premises in a case involving an ATV accident on a beach near the residence premises that the insured frequently used. The court concluded:

> It is not reasonable that the meaning of the language "used in connection with [the residence]," and hence the ambit of the "insured location," should vary depending on the fortuity of an insured's regular use of a field, trail, or recreational area, public or private, in the neighborhood of his residence. See *Allstate Ins. Co. v Shofner,* 573 So.2d at 48, 49–50 (operation of vehicle on public street one block away from residence constitutes "being used away from an insured premises"); *Allstate Ins. Co. v Gutenkauf,* 103 Ill.App.3d 889, 892–893, 59 Ill.Dec. 525, 431 N.E.2d 1282 (1981) (declining, as arbitrary and not susceptible to limitation, construction of "insured premises" to include area of lake ten to fifteen feet from shore); *Illinois Farmers Ins. Co. v Coppa,* 494 NW2d 503, 506 (Minn.Ct.App.1993). Such a construction would require knowledge by an insurer of not only the insured's property but also of neighboring property and the insured's hobbies and interests. Rather, the term "insured location" is intended and appropriately understood to be limited to the residence and premises integral to its use as a residence. The beach is not integral to the use of 83 Lakeshore Drive as a residence. Accordingly, we affirm the entry of summary judgment for the insurer.

Ultimately, we need not determine what does constitute a sufficient connection with the residence premises. For example, we might reach a different result had the accident occurred in the common area of a residential development where the property owners, by virtue of that ownership, have the right to use the common areas. Or, perhaps coverage would apply if the accident happened on a driveway located on a neighbor's property but for which the insured had a driveway easement. Or coverage might apply where the adjoining property is also owned by the insured.[8] None of these situations are present here. We need only conclude that a neighboring property is not used "in connection with" the residence premises merely because it is regularly used by an insured with implied permission. To hold otherwise would open up liability for a variety of situations—such as, for example, an injury caused by ATV use in a large public park located near an insured's land, or on public road shoulders miles from a residence—that expand the risk assumed by an insurer in drafting and approving the "in connection with" language.

Accordingly, we conclude that the trial court erred in denying plaintiff's motion for summary disposition and granting summary disposition to defendants. The ATV accident did not occur on the "insured premises" and, therefore, plaintiff has no duty to indemnify or defendant the Bischers and plaintiff was entitled to summary disposition.

---

[7] 60 Mass App Ct 824; 806 NE2d 447 (2004).

[8] See, e.g., *Utica Mut Ins Co v Fontneau*, 70 Mass App Ct 553; 875 NE2d 508 (2007), distinguishing *Wynn, supra.*

Reversed and remanded to the trial court with instructions to enter summary disposition in favor of plaintiff. We do not retain jurisdiction. Plaintiff may tax costs.

/s/ David H. Sawyer
/s/ Patrick M. Meter